**FILED**
**FEBRUARY 26, 2008**
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

PAINTERS DISTRICT COUNCIL NO. 30,

    Plaintiff,

v.

VINCO PAINTING INC.,

    Defendant.

**08 C 1163**

**JUDGE CONLON**
**MAGISTRATE JUDGE ASHMAN**

### COMPLAINT

1. This is an action pursuant to Section 9 of the Federal Arbitration Act, 9 U.S.C. § 9, and Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185, seeking confirmation and enforcement of a labor arbitration award.

#### JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction pursuant to Section 9 of the Federal Arbitration Act, 9 U.S.C. § 9, and Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185(a).

3. Venue is proper in this district because the arbitration award was made in this judicial district and because Plaintiff and Defendant are located within this judicial district.

#### PARTIES

4. Painters District Council No. 30 ("Union") is a labor organization. The Union is an affiliate of the International Union of Painters and Allied Trades and has its business office at 1905 Sequoia Drive, Aurora, Illinois 60506.

5. Vinco Painting Incorporated ("Vinco") is an Illinois corporation and an employer engaged in the construction painting industry throughout northeastern Illinois.

**CLAIM FOR RELIEF**

6. At all material times the Union and members of the FCA of Illinois, an employer association (the "Association"), as well as other employers, have been signatories to a collective bargaining agreement with effective dates of May 1, 2004 through April 20, 2008 (the "Agreement").

7. Vinco is and has been a signatory to the Agreement since August 30, 2007.

8. Article 13, Section 13.1 of the Agreement provides for dispute resolution through a grievance and arbitration procedure that originates with the Joint Trade Board (the "JTB"). The JTB consists of twelve members, six appointed by the Union and six appointed by the Association.

9. Section 13.3 of the Agreement provides that "[a]ny decision of the Joint Trade Board shall be final and binding upon every party and any signatory to this Agreement."

10. Section 13.5 of the Agreement provides for the payment by any employer found by the JTB to have violated the Agreement of reasonable attorneys' fees incurred by any party to the Agreement in obtaining judicial enforcement of an award of the JTB.

11. On or about December 28, 2007, the Union filed charges with the JTB against Vinco for violations of Articles 4, 8, and 9 of the Agreement. On about January 3, 2008, Vinco received notice of the charges along with notice that a hearing before the JTB was scheduled for January 17, 2008.

12. On January 17, 2008, the JTB held a hearing on the charges against Vinco. Despite receiving notice of the charges, the hearing date and time, Vinco failed to appear at the hearing.

13. Based upon the evidence presented, the JTB found that Vinco had violated the Agreement by failing to pay employees Loren Deland, William Medina, Jesus Mota, and Jeremy

Weise overtime as required by Article 8 of the Agreement, by failing to secure an overtime permit from the Union for overtime work performed on Saturdays, Sundays, or holidays as required by Section 6.3 of the Agreement, by failing to report to the Union all job sites where work covered by the Agreement was performed as required by Section 6.9 of the Agreement, and by failing to provide check stubs to its employees showing Vinco's business name, the employee's name or social security number, total straight time hours, overtime hours, the ending date of the pay period, the total amount due, and all itemized deductions as required by Section 8.7(b) of the Agreement.

14. The JTB ordered Vinco to pay the following amounts in damages and fines to the above-named persons and to the Union for its contractual violations:

|  | Amount |
|---|---|
| Loren Deland | $ 38,591.82 |
| William Medina | 40,092.95 |
| Jesus Mota | 32,048.70 |
| Jeremy Weise | 47,216.39 |
| Painters District Council 30 | 148,000.00 |
| Total | $305,949.86 |

15. The Findings by the JTB are final and binding.

16. On or about January 22, 2008, Vinco received written notice of the JTB's Decision and Award, including notice that all amounts were to be paid on or before January 31, 2008.

17. To date, Vinco has not paid the fine as required by the JTB's Decision and has failed and refused to comply with the JTB's Decision.

WHEREFORE, the Union requests that this Court grant the following relief:

A. Confirm the Joint Trade Board's Decision and Award.

B. Order Vinco to pay the amounts indicated in the Joint Trade Board's Decision and

3

Award.

   C. Order Vinco to pay the Union its reasonable attorneys' fees and costs.

   D. Any other relief this Court deems just and proper.

                                               Respectfully submitted,

                                               s/ David Huffman-Gottschling
                                               One of Plaintiff's Attorneys

David Huffman-Gottschling
ARDC No. 6269976
Jacobs, Burns, Orlove, Stanton and Hernandez
122 S. Michigan Ave., Ste. 1720
Chicago, Illinois 60603

(312) 372-1646
davidhg@jbosh.com