UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

PAINTERS DISTRICT COUNCIL NO. 30,

    Plaintiff/Counterdefendant,

v.

VINCO PAINTING INC.,

    Defendant/Counterplaintiff.

Case No. 08-cv-1163
Judge Conlon
Magistrate Judge Ashman

## REPLY TO COUNTERCLAIM

Plaintiff submits the following reply to Defendant's Counterclaim.

1. This is an action to set aside and vacate an arbitration award issued by the Joint Trade Board ("JTB") that was convened for the alleged purpose of proceeding on charges or a grievance filed by the Union against Vinco.

**ANSWER:** Admitted.

2. This Court has jurisdiction over this matter pursuant to Section 301(a) of the Labor Management Relations Act of 1947, 29 U.S.C. § 185(a) and pursuant to 28 U.S.C. § 1331 since this action arises under the laws of the United States.

**ANSWER:** Admitted.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) and 29 U.S.C. § 185(c) in that the Plaintiff and Defendant have their principal office(s) in this District and the events giving rise to this action occurred in this District.

**ANSWER:** Admitted.

4. Vinco is an Illinois corporation with its principal place of business in this district.

**ANSWER:** Admitted.

5. Defendant Union is a labor organization within the meaning of 29 U.S.C. § 152(5) with its

place of business in Aurora, Illinois.

**ANSWER:**  Admitted.

6. At all relevant times, Vinco was signatory to a collective bargaining agreement ("CBA") with the Union and is an employer within the meaning of 29 U.S.C. § 152(2).

**ANSWER:**  Admitted.

7. The JTB convened on or about January 17, 2008 to hear certain charges or grievance(s) made by the Union against Vinco.

**ANSWER:**  Admitted.

8. Vinco did not receive notice of the Union's grievance(s) or of the hearing.

**ANSWER:**  Denied.

9. Upon information and belief, the JTB issued a Decision and Award wherein the JTB ordered Vinco to pay the following amounts in damages and fines:

| | |
|---|---:|
| Loren Deland | $ 38,591.82 |
| William Medina | 40,092.95 |
| Jesus Mota | 32,048.70 |
| Jeremy Weise | 47,216.39 |
| Painters District Council 30 | 148,000.00 |
| Total | $305,949.86 |

**ANSWER:**  Admitted.

10. Upon information of [*sic*] belief, William Medina, Jesus Mota and Jeremy Weise did not appear at the hearing which was convened before the JTB.

**ANSWER:**  Admitted.

11. Upon information and belief, Section 13.5 of the CBA provides in pertinent part that the JTB shall not issue fines that exceed one thousand dollars per violation.

**ANSWER:**  Plaintiff admits that Section 13.5 of the CBA provides, in its entirety:

If the Joint Trade Board finds that an Employer violated this Agreement, the Joint Trade

2

Board is authorized to fashion, in its sole discretion, all appropriate remedies, including but not limited to, awarding actual damages to the aggrieved individual or entity, plus fines not to exceed one thousand dollars ($1,000.00) per violation, and assessing liquidated damages, interest, costs, reasonable attorneys' fees, administrative expenses, and auditing fees incurred by the Joint Trade Board. Such remedies and assessments shall also be imposed on the Employer if the Joint Trade Board, any party to this Agreement, or any entity enforcing its rights under this Agreement obtains judicial enforcement of the Joint Trade Board Award.

Plaintiff denies all remaining allegations in this paragraph.

12. The Decision and Award of the JTB should be vacated and set aside for one or more of the following reasons:

   A. Defendant did not receive notice of the Union's charges or grievance(s),
   B. Defendant did not receive notice of the hearing scheduled to take place before the JTB,
   C. The JTB's Decision and Award does not draw its essence from the Collective Bargaining Agreement in that the JTB ordered Defendant to pay fines that exceed one thousand dollars per violation.
   D. The JTB exceeded their powers under the Collective Bargaining Agreement in that they ordered Defendant to pay fines that exceed one thousand dollars per violation.

**ANSWER:** Denied.

WHEREFORE, Plaintiff/Counterdefendant Painters District Council No. 30 respectfully requests that this Court dismiss Defendant/Counterplaintiff's counterclaim in its entirety.

Respectfully submitted,

  s/ David Huffman-Gottschling
One of Plaintiff's Attorneys

David Huffman-Gottschling
ARDC No. 6269976
Jacobs, Burns, Orlove, Stanton and Hernandez
122 S. Michigan Ave., Ste. 1720
Chicago, Illinois 60603

(312) 372-1646
davidhg@jbosh.com

CERTIFICATE OF SERVICE

    I, David Huffman-Gottschling, an attorney, certify that I caused a copy of the foregoing document to be served electronically upon the following person by filing it via the ECF system on April 14, 2008:

>Joseph P. Berglund
>Berglund & Mastny, P.C.
>900 Jorie Blvd., Ste. 122
>Oak Brook, IL 60523-2229

                                         s/ David Huffman-Gottschling
                                              David Huffman-Gottschling