**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| PAINTERS DISTRICT COUNCIL NO. 30, | ) | |
| | ) | |
| Plaintiff, | ) | 08 C 1163 |
| v. | ) | |
| | ) | |
| VINCO PAINTING INC., | ) | Judge Conlon |
| | ) | Magistrate Judge Ashman |
| Defendant. | ) | |
| ---------------------------------------------------------- | ) | |
| VINCO PAINTING, INC., | ) | |
| | ) | |
| Defendant/Counterplaintiff | ) | |
| v. | ) | |
| PAINTERS DISTRICT COUNCIL NO. 30, | ) | |
| | ) | |
| Plaintiff/Counterdefendant. | ) | |

## DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT AND COUNTERCLAIM

Now comes the Defendant, Vinco Painting, Inc. ("Vinco"), and for its Answer to Plaintiff's Complaint and Counterclaim states as follows:

1. This is an action pursuant to Section 9 of the Federal Arbitration Act, 9 U.S.C. § 9, and Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185, seeking confirmation and enforcement of a labor arbitration award.

**ANSWER:** Defendant denies that this is properly brought as an action pursuant to Section 9 of the Federal Arbitration Act, 9 U.S.C. § 9. Defendant admits the remaining allegations made in this paragraph. Answering further, defendant denies that the award should be confirmed or enforced.

## JURISDICTION AND VENUE

2.  This Court has subject matter jurisdiction pursuant to Section 9 of the Federal Arbitration Act, 9 U.S.C. § 9, and Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185(a).

**ANSWER:** Defendant denies that subject matter jurisdiction exists pursuant to Section 9 of the Federal Arbitration Act, 9 U.S.C. § 9. Defendant admits the remaining allegations made in this paragraph.

3.  Venue is proper in this district because the arbitration award was made in this judicial district and because Plaintiff and Defendant are located within this judicial district.

**ANSWER:** Defendant admits the allegations made in this paragraph.

## PARTIES

4.  Painters District Council No. 30 ("Union") is a labor organization. The Union is an affiliate of the International Union of Painters and Allied Trades and has its business office at 1905 Sequoia Drive, Aurora, Illinois 60506.

**ANSWER:** Defendant admits the allegations made in this paragraph.

5.  Vinco Painting Incorporated ("Vinco") is an Illinois corporation and an employer engaged in the construction painting industry throughout northeastern Illinois.

**ANSWER:** Defendant admits that it is an Illinois corporation and that it is an employer engaged in the painting industry. Defendant denies that it is engaged in the painting industry throughout northeastern Illinois since this geographic area is subjective and undefined but Defendant admits that it has performed work in certain

parts of northeastern Illinois.

## CLAIM FOR RELIEF

6. At all material times the Union and members of the FCA of Illinois, an employer association (the "Association"), as well as other employers, have been signatories to a collective bargaining agreement with effective dates of May 1, 2004 through April 20, 2008 (the "Agreement").

**ANSWER:** Defendant has insufficient knowledge to admit or deny these allegations; therefore, Defendant denies them.

7. Vinco is and has been a signatory to the Agreement since August 30, 2007.

**ANSWER:** Defendants   the allegations made in this paragraph.

8. Article 13, Section 13.1 of the Agreement provides for dispute resolution through a grievance and arbitration procedure that originates with the Joint Trade Board (the "JTB"). The JTB consists of twelve members, six appointed by the Union and six appointed by the Association.

**ANSWER:** Defendant admits that Section 13.1 of the provides in part for dispute resolution through a grievance and arbitration procedure that originates with the JTB and that the JTB consists of twelve members, six appointed by the Union and six appointed by the Association. Defendant denies that the allegations made in paragraph 8 represent the complete terms and provisions of Section 13.1.

9. Section 13.3 of the Agreement provides that "[a]ny decision of the Joint Trade Board shall be final and binding upon every party and any signatory to this

Agreement."

**ANSWER:** Defendant admits that Section 13.3 of the Agreement provides in part that any decision of the Joint Trade Board shall be final and binding upon every party and any signatory to this Agreement. Defendant denies that the allegations made in paragraph 9 represent the complete terms and provisions of Section 13.3. Answering further, Defendant denies that the award issued by the JTB is final and binding in this case.

10. Section 13.5 of the Agreement provides for the payment by any employer found by the JTB to have violated the Agreement of reasonable attorneys' fees incurred by any party to the Agreement in obtaining judicial enforcement of an award of the JTB.

**ANSWER:** Defendant admits that Section 13.5 of the Agreement provides in part for the payment by any employer found by the JTB to have violated the Agreement of reasonable attorneys' fees incurred by any party to the Agreement in obtaining judicial enforcement of an award. Defendant denies that the allegations made in paragraph 10 represent the complete terms and provisions of Section 13.5. Defendant also denies that it is liable for payment of attorneys' fees incurred by the Union.

11. On or about December 28, 2007, the Union filed charges with the JTB against Vinco for violations of Articles 4, 8, and 9 of the Agreement. On about January 3, 2008, Vinco received notice of the charges along with notice that a hearing before the JTB was scheduled for January 17, 2008.

**ANSWER:** Upon information and belief, Defendant admits that on or about December 28, 2007, the Union filed charges with the JTB against Vinco for violations of

4

Articles 4, 8, and 9 of the Agreement. However, Defendant denies that on or about January 3, 2008 Vinco received any notice of the charges along with notice that a hearing before the JTB was scheduled for January 17, 2008. Defendant denies that it received notice of any charges or of a hearing scheduled for January 17, 2008.

12. On January 17, 2008, the JTB held a hearing on the charges against Vinco. Despite receiving notice of the charges, the hearing date and time, Vinco failed to appear at the hearing.

**ANSWER:** Defendant denies that it received notice of the charges, the hearing date or time. Upon information of belief, Defendant admits that on January 17, 2008 the JTB held a hearing on the charges against Vinco.

13. Based upon the evidence presented, the JTB found that Vinco had violated the Agreement by failing to pay employees Loren Deland, William Medina, Jesus Mota, and Jeremy Weise overtime as required by Article 8 of the Agreement, by failing to secure an overtime permit from the Union for overtime work performed on Saturdays, Sundays, or holidays as required by Section 6.3 of the Agreement, by failing to report to the Union all job sites where work covered by the Agreement was performed as required by Section 6.9 of the Agreement, and by failing to provide check stubs to its employees showing Vinco's business name, the employee's name or social security number, total straight time hours, overtime hours, the ending date of the pay period, the total amount due, and all itemized deductions as required by Section 8.7(b) of the Agreement.

**ANSWER:** Defendant has insufficient knowledge or information to admit or deny the allegations made in this paragraph since it did not receive notice of and was not present at the hearing; therefore, Defendant denies the allegations made in this paragraph.

14. The JTB ordered Vinco to pay the following amounts in damages and fines to the above-named persons and to the Union for its contractual violations:

|  | Amount |
|---|---|
| Loren Deland | $ 38,591.82 |
| William Medina | $ 40,092.95 |
| Jesus Mota | $ 32,048.70 |
| Jeremy Weise | $ 47,216.39 |
| Painters District Council 30 | $ 148,000.00 |
| Total | $305,949.86 |

**ANSWER:** Upon information and belief, Defendant admits that the JTB ordered it to pay the foregoing sums to the individuals and Union listed in paragraph 14. However, Defendant denies that the award of the JTB is valid and further denies that it owes the money which was order to be paid by the JTB.

15. The Findings by the JTB are final and binding.

**ANSWER:** Defendant denies the allegations made in this paragraph.

16. On or about January 22, 2008, Vinco received written notice of the JTB's Decision and Award, including notice that all amounts were to be paid on or before January 31, 2008.

**ANSWER:** Defendant denies that it received notice of the JTB's Decision and Award on January 22, 2008. Answering further, Defendant states that Plaintiff faxed to

Defendant a copy of an excerpt from the JTB hearing on or about January 25, 2008 which referred to findings issued by the JTB and a statement that all payments are to be sent to the District Council before January 31, 2008.

17. To date, Vinco has not paid the fine as required by the JTB's Decision and has failed and refused to comply with the JTB's Decision.

**ANSWER:** Defendant admits the allegations made in this paragraph. Answering further, Defendant state that Decision and Award should be deemed void and vacated.

**AFFIRMATIVE DEFENSES**

1. Defendant did not receive notice of the charges made against it.

2. Defendant did not receive notice of the hearing scheduled before the JTB.

3. The JTB's Decision and Award does not draw its essence from the Collective Bargaining Agreement in that the JTB ordered Defendant to pay fines that exceed one thousand dollars per violation.

4. The JTB exceeded their powers under the Collective Bargaining Agreement in that they ordered Defendant to pay fines that exceed one thousand dollars per violation.

WHEREFORE, the Defendants' pray that this Court dismiss Plaintiff's Complaint with prejudice and for such other relief deemed just and equitable.

## COUNTERCLAIM

Now comes the Defendant/Counterplaintiff, Vinco Painting, Inc., and for its Counterclaim against the Plaintiff/Counterdefendant, Painters' District Council No. 30

("Union") states as follows:

1. This is an action to set aside and vacate an arbitration award issued by the Joint Trade Board ("JTB") that was convened for the alleged purpose of proceeding on charges or a grievance filed by the Union against Vinco.

2. This Court has jurisdiction over this matter pursuant to Section 301(a) of the Labor Management Relations Act of 1947, 29 U.S.C. § 185(a) and pursuant to 28 U.S.C. § 1331 since this action arises under the laws of the United States.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) and 29 U.S.C. § 185(c) in that the Plaintiff and Defendant have their principal office(s) in this District and the events giving rise to this action occurred in this District.

4. Vinco is an Illinois corporation with its principal place of business in this district.

5. Defendant Union is a labor organization within the meaning of 29 U.S.C. § 152(5) with its place of business in Aurora, Illinois.

6. At all relevant times, Vinco was signatory to a collective bargaining agreement ("CBA") with the Union and is an employer within the meaning of 29 U.S.C. § 152(2).

7. The JTB convened on or about January 17, 2008 to hear certain charges or grievance(s) made by the Union against Vinco.

8. Vinco did not receive notice of the Union's grievance(s) or of the hearing.

9. Upon information and belief, the JTB issued a Decision and Award wherein the JTB ordered Vinco to pay the following amounts in damages and fines:

```
        Loren Deland               $ 38,591.82
        William Medina             $ 40,092.95
        Jesus Mota                 $ 32,048.70
        Jeremy Weise               $ 47,216.39
        Painters District Council 30 $ 148,000.00
        ----------------------------------------------------------
                                   Total $305,949.86
```

10. Upon information of belief, William Medina, Jesus Mota and Jeremy Weise did not appear at the hearing which was convened before the JTB.

11. Upon information and belief, Section 13.5 of the CBA provides in pertinent part that the JTB shall not issue fines that exceed one thousand dollars per violation.

12. The Decision and Award of the JTB should be vacated and set aside for one or more of the following reasons:

    A. Defendant did not receive notice of the Union's charges or grievance(s),

    B. Defendant did not receive notice of the hearing scheduled to take place before the JTB,

    C. The JTB's Decision and Award does not draw its essence from the Collective Bargaining Agreement in that the JTB ordered Defendant to pay fines that exceed one thousand dollars per violation.

    D. The JTB exceeded their powers under the Collective Bargaining Agreement in that they ordered Defendant to pay fines that exceed one thousand dollars per violation.

WHEREFORE, Defendant/Counterplaintiff, Vinco Painting, Inc., prays that this Honorable Court vacate and set aside the Decision and Award issued by the JTB against it, award Defendant its costs and award Defendant such other relief deemed

just and equitable.

                                                 Respectfully submitted,

                                                 VINCO PAINTING, INC.

                                                 By: /s/ Joseph P. Berglund
                                                         One of Its Attorneys

Joseph P. Berglund
Kenneth M. Mastny
BERGLUND & MASTNY, P.C.
900 Jorie Boulevard, Suite 122
Oak Brook, Illinois 60523-2229
(630) 990-0234

J:\C-Drive\WPDOCS\Vinco Painting\PDC 30 JTB Award\Answer to Plaintiff's Complaint.wpd