UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| PAINTERS DISTRICT COUNCIL NO. 30, | ) | |
| Plaintiff, | ) | 08 C 1163 |
| v. | ) | |
| VINCO PAINTING INC., | ) | Judge Conlon |
| | ) | Magistrate Judge Ashman |
| Defendant. | ) | |

**DEFENDANT'S ANSWER TO PLAINTIFF'S FIRST SET OF INTERROGATORIES**

Defendant, Vinco Painting, Inc. ("Vinco"), submits the following response to Plaintiff's First Set of Interrogatories:

1. Identify each person who has contributed to answering these interrogatories and for each person, specify the interrogatory or interrogatories to which he or she contributed.

**ANSWER:** **Denise Angelilli and Vince Angelilli with the assistance of Vinco's counsel, Joseph P. Berglund.**

2. If your answer to any of Plaintiff's Requests for Admission is anything but an equivocal admission, describe in detail, the reasons and factual basis for your denial, and identify all documents upon which you rely and all documents that support your contention.

**ANSWER:** **Vinco objects to this interrogatory on the grounds that it is vague, overly broad, and unduly burdensome. Without waiving said objection, Vinco answers as follows:**

**(a)   Vinco denied Plaintiff's Second Request For Admission since it did not report to the Union on January 22, 2008 that its address was 6649 N. Ogallah Ave., Chicago, IL 60631.**

**(b)    Vinco denied Plaintiff's Third Request For Admission in since it did no report to the Illinois Secretary of State on January 3, 2008 that the address for its registered agent was 6649 N. Ogallah Ave., Chicago, IL 60631.**

**(c)    Vinco denied Plaintiff's Fourth Request For Admission in since it did not report to the Illinois Secretary of State on January 22, 2008 that the address for its registered agent was 6649 N. Ogallah Ave., Chicago, IL 60631.**

**(d)    Vinco denied Plaintiff's Ninth Request For Admission since it did not receive a copy of the document attached as Exhibit 2 to Plaintiff's Rule 26(a)(1) Disclosures prior to receiving Plaintiff's Rule 26(a)(1) Disclosures.  Pursuant to Fed.R.Civ.Pro. 33(d), Vinco has produced documents responsive to interrogatory.**

3.  State every address at which Vinco has maintained an office since January 1, 2007, and state the dates during which Vinco was located at such address.

**ANSWER: Vinco objects to this interrogatory to the extent that the location of its address prior to August 30, 2007 is not reasonably calculated to lead to the discovery of admissible evidence.  Subject to this objection, Vinco maintained its office on August 30, 2007 at 6649 N. Ogallah Ave., Chicago, Illinois 60631 and moved on November 6, 2007 to 4637 N. Forestview Ave., Chicago, IL 60650.**

4.  If more than one address is listed in response to Interrogatory (3) above, describe in detail, all efforts made by Vinco to notify the Union of its new address, including the date, time, and manner of notice, and to whom the notice was addressed.

**ANSWER:    Vinco objects to this interrogatory on the grounds that it is not reasonably calculated to lead to the discovery of admissible evidence**.

5. Identify when and how Vinco first learned of the charges filed against it before the Joint Trade Board by the Union as described in paragraph (11) of the Complaint.

**ANSWER:** **Vinco first learned of the charges on, or about, January 25, 2008, when it received the Union's January 22, 2008 letter, which referred to an excerpt from the minutes of the Painters District Council 30's Joint Trade Board hearing, in the United States mail.**

6. Identify every communication between you and any representative of the Union regarding the charges filed against Vinco by the Union as described in paragraph (11) of the Complaint and/or the hearing on the charges conducted by the Joint Trade Board as described in paragraph (12) of the Complaint, stating the date, time and method of the communication, the representative with whom the communication was made, and, if the communication was oral, the identity of anyone else who witnessed the communication.

**ANSWER:** **No communications were made until after the January 17, 2008 hearing. On, or about, January 25, 2008, Denise Angelilli and Vince Angelilli spoke with Charles Anderson and James Stelmasek. Denise and Vince Angelilli told Charles Anderson and James Stelmasek that they did not receive notice of the hearing that was set for January 17, 2008. Pursuant to Fed. Rule Civ. Pro 33(d), defendant has produced a letter from Denise Angelilli dated February 29, 2008 (Bates No. V 000005 - 000008). Answering further, Vince Angelilli told Charles Anderson that Vinco did not have $50,000.00. Charles Anderson said that he won't cash the check and directed Vince Angelilli not to ask any questions. Vince Angelilli said that he should speak with a lawyer. Charles Anderson said that he does not need a lawyer. The Union (Jim Stelmasek) faxed**

an amended claim with various dates on January 25, 2008 to Vinco (Bates No. V 000009 - 000011).

On, or about, February 7, 2008, James Stelmasek told Vince Angelilli that he was calling at Charles Anderson's request and that Vinco couldn't appear before the Joint Trade Board unless he gave the Union a check for $50,000.00.

Denise Angelilli sent a letter to Charles Anderson on February 29, 2008. Pursuant to Fed. Rule Civ. Pro 33(d) defendant has produced a letter from Denise Angelilli dated February 29, 2008 (Bates No. V 000005 - 000008).

Sometime after February 29, 2008, Vince Angelilli called Charles Anderson inan attempt to resolve the award issued by the Joint Trade Board, but Charles Anderson refused to do so unless Vinco provided a check for $50,000.00.

7. State the number of "violations" you contend the Joint Trade Board found Vinco committed in its January, 2008 decision.

**ANSWER:** Three.

8. For any portion of the Complaint that you do not specifically and unequivocally admit, describe in detail the reasons and factual basis therefore, and identify all documents upon which you rely and all documents that support your contentions.

**ANSWER:** Vinco objects to this interrogatory to the extent that is not reasonably calculated to lead to the discovery of admissible evidence, is overly broad, and unduly burdensome. Without waiving said objection, defendant, Vinco, states that the award is not final and bonding since there exists an unwritten, verbal policy of allowing employer's to appeal awards issued by the Joint Trade Board as admitted by Charles Anderson in his

**deposition in this case and as reflected in minutes of hearings produced by the Union in this case, which show that TriCor Carpentry was allowed to an appeal an award issued against it.**

**Subject to the foregoing objection, Vinco further states that it did not receive notice of the charges or hearing, as admitted by Charles Anderson in his deposition and by the certified mailing produced by the Union in this case, which shows that the Union received the notice it sent to Vinco back from the Post Office on January 14, 2008 with a notation that Vinco moved. Vinco also produced a reciept showing that it moved its address from 6649 Ogallah, Chicago, IL to 4637 N. Forestview Ave., Chicago, IL.**

**The Award should be vacated since Vinco never received notice of the hearing, in violation of its due process rights.**

**The Award should also be vacated since the fines exceed $1,000.00 per violation. Vinco was charged with four separate violations and the Joint Trade Board found against Vinco on three violations. Thus, the fines cannot exceed $3,000.00, even though Vinco disputes the fines in their entirety since it never received notice of the hearing.**

9. Describe in detail the factual and legal grounds for your affirmative defenses, and identify all documents that support your position.

**ANSWER:** See answer to interrogatory Nos. 2,3, 5, 6, and 8 above. Pursuant to Fed.R.Civ.Pro. 33(d), Vinco has produced documents responsive to interrogatory.

10. Identify all persons who may be able to provide any evidence directly or indirectly in support of (a) your responses to the foregoing Requests for Admission that you do not unequivocally admit; (b) your responses to these Interrogatories; and (c) all documents identified

in and produced in response to the Request to Produce Documents below, and state with specificity their names, last known home and business addresses and last known home and business telephone numbers, state with specificity the facts they would provide, and identify all documents which each person references in support, either directly or indirectly, thereof.

**ANSWER:** **See defendant's Rule 26(a)(1) Disclosures.  Pursuant to Fed.R.Civ.Pro. 33(d), Vinco has produced documents responsive to interrogatory.**

11.  Identify all persons by providing their names, last known home and business addresses and last known home and business telephone numbers whom you intend to call as witnesses in this matter, and for each person state with specificity the facts to which each will testify and identify all documents upon which each person will rely.

**ANSWER:** **Defendant objects to this interrogatory on the grounds that it calls for the mental impressions and theories of the defendant's counsel and improperly seeks defendant's counsel's work product.  Without waiving said objections, defendant produced documents and disclosed individuals having knowledge of defendant's defenses and counterclaim.**

                Respectfully submitted,

                /s/Joseph P. Berglund
                One of the Attorneys for the Defendant

Joseph P. Berglund
Berglund & Mastny, P.C.
900 Jorie Blvd, Suite 122
Oak Brook, IL   60523
(630) 990-0234

J:\c-drive\wpdocs\vincopaointing\Def.ANSWtoDiscovery

## DECLARATION

I, Denise Angelilli, declare under penalty of perjury that I have reviewed the foregoing answers to interrogatories, and that to the best of my knowledge, information, and belief formed after a reasonable inquiry those answers are complete and correct as of the time they were made.

Executed: June 2, 2008

/s/Denise Angelilli