# EXHIBIT

# 1

## DECLARATION OF VINCE ANGELILLI

I, Vince Angelilli, declare under penalty of perjury under the laws of the United States of America that the following is true and correct:

1.  I am President of Vinco Painting, Inc. ("Vinco") and have been President since Vinco was incorporated on August 4, 2006.

2.  I run the day-to-day operations of Vinco and my Wife, Denise Angelilli, assists me in operating Vinco. There are no other individuals that assist in operating Vinco on a daily basis.

3.  On August 30, 2007, I signed a Collective Bargaining Agreement ("CBA") on behalf of Vinco with Painters' District Council No. 30 ("Union"). At the time I signed the CBA, Vinco's office was located at 6649 N. Ogallah, Chicago, Illinois 60631 and I reported this address to the Union when I signed up with it. At the time I signed up with the Union, I also informed it that the phone number for Vinco and my cell phone was (773) 507-7400.

4.  Vinco's office was not only located at 6649 N. Ogallah, Chicago, Illinois, but I also resided at this location as well with my wife, Denise Angelilli and my two children, who are seven and nine years old. I leased a single family home from John Thompson at this location.

5.  In or about August, 2007, I was involved in a dispute with John Thompson. As a result, John Thompson served me and my family with written notice terminating the lease and to vacate 6649 N. Ogallah, Chicago, Illinois by October 1, 2007.

6.  After receiving written notice from John Thompson, my family and I made plans to move to 4637 N. Forestview Avenue, Chicago, Illinois 60650. On or about November 6, 2007, my family and I moved to 4637 N. Forestview Avenue, Chicago, Illinois 60650. Since I moved my residence, the office of Vinco also changed on November 6, 2007 to 4637 N. Forestview Avenue, Chicago, Illinois 60650.

7.  Although Vinco's office address changed on November 6, 2007, its telephone number remained the same.

8.  On or about January 25, 2008, I received by First Class Mail, a letter from Charles E. Anderson ("Anderson"), which was dated January 22, 2008. A genuine copy of this letter is attached to this Declaration as Exhibit A.

9.  Anderson's January 22, 2008 letter states in pertinent part that the "the following is the excerpt from the minutes of Painters District Council 30's Joint Trade Board hearing involving your company. I am sure that you will find it self explanatory.



EXHIBIT
1

The case of Vinco Painting was presented to the Board by Secretary-Treasurer Anderson. James Stelmasek, Director of Membership Servicing and Member Loren Deland were in attendance. Vince Angelilli of Vinco was absent. In accordance with the rules of the Joint Trade Board the hearing was held in his absence. The facts and testimony as they related to the charges were presented to the Board. After hearing the testimony the Board found Vinco guilty as charged and set forth the following decisions: Vinco is to pay Loren Deland $38,591.82 ($500.00 per day for 73 days for non-payment of overtime plus actual overtime 11-5-07 through 1-17-08), pay William Medina $40,092.95 ($500.00 per day for 79 days for non-payment of overtime plus actual overtime 10-30-07 through 1-17-08), pay Jesus Mota $32,048.70 ($500.00 per day for 63 days for non-payment of overtime plus actual overtime 11-15-07 through 1-17-08), pay Jeremy Weise $47,216.39 ($500.00 per day for 94 days for non-payment of overtime plus actual overtime 10-15-07 through 1-17-08). In addition, Vinco is to pay Painters District Council 30 a total of $148,000.00 for violations of the Collective Bargaining Agreement ($500.00 per day for 94 days of no overtime permit, 101 days of not registering job locations and 101 days for not providing check stubs to the employees). Mr. Angelilli will be informed that all payments are to be sent to the District council before January 31, 2008."

10.    Directly above the salutation on the first page of Anderson's January 22, 2008 letter, the letter indicates that it was sent by Certified Mail Return Receipt Mail and First Class Mail.

11.    I never received Anderson's January 22, 2008 letter that was sent by Certified Mail.

12.    The only January 22, 2008 letter I received was by First Class Mail.

13.    Excluding the handwritten notations I made on the envelope, Exhibit B, attached hereto is a genuine copy of the envelope which contained Anderson's January 22, 2008 letter that was sent by First Class Mail.

14.    The envelope ("Exhibit B") shows that it was forwarded by the Post Office from 6649 Ogallah, Chicago, IL to 4637 N. Forestview Ave., Chicago, Illinois on or about January 25, 2008.

15.    I have reviewed a letter written by Charles E. Anderson, which is dated January 3, 2008, that states Vinco Painting was instructed to appear before the Joint Trade Board ("JTB") on January 17, 2008, at 9:00 a.m. and also enclosed a copy of charges filed against Vinco by James Stelmasek that was produced by the Union in the lawsuit and is attached to this Declaration as Exhibit C.

2

16.     Anderson's January 3, 2008, letter indicates directly above the salutation on the first page, that it was sent Certified Return Receipt Mail and First Class Mail.

17.     I did not receive Anderson's January 3, 2008, letter that was sent by Certified Mail or by First Class Mail.

18.     The first time I learned that the Union filed any charges against Vinco, was on or about January 25, 2008, when I received Anderson's January 22, 2008 letter by First Class Mail. (See attached Exhibit A).

19.     The first time I learned that Vinco was ordered to appear at a hearing before the JTB, was on or about January 25, 2008, when I received Anderson's January 22, 2008 letter by First Class Mail. (See attached Exhibit A).

20.     On the same day I received Anderson's letter on January 25, 2008, I called Anderson at the Union's offices. Denise Angililli was present for this conversation. I told Anderson that Vinco had not received prior notice of the JTB hearing. Charles Anderson told me that he could get me back before the JTB if I gave him a check for $50,000.00. I told him that I did not have $50,000.00.

21.     Vinco Painting did not and does not have $50,000.00 to give to Charles Anderson.

22.     James Stelmasek never discussed with me the charges he filed against Vinco at the time he filed them with the JTB.

By:   /s/ Vince Angelilli

DATED:  June 6, 2008

# PAINTERS DISTRICT COUNCIL 30

## Joint Trade Board

JUSTIN AVEY
*Chairman*

CHARLES ANDERSON
*Secretary*

January 22, 2008

Vince Angelilli
Vinco Painting, Inc.
6649 Ogallah
Chicago. Illinois    60631

Certified Return Receipt Mail
1st Class Mail

Dear Mr. Angelilli:

The following is the excerpt from the minutes of Painters District Council 30's Joint Trade Board hearing involving your company.   I am sure that you will find it self explanatory.

> The case of VINCO Painting was presented to the Board by Secretary-Treasurer Anderson.   James Stelmasek, Director of Membership Servicing and Member Loren Deland were in attendance. Vince Angelilli of VINCO Painting was absent.   In accordance with the rules of the Joint Trade Board the hearing was held in his absence.   The facts and testimony as they related to the charges were presented to the Board.   After hearing the testimony the Board found VINCO guilty as charged and set forth the following decisions:   VINCO is to pay Loren Deland $38,591.82 ($500.00 per day for 73 days for non-payment of overtime plus actual overtime 11-5-07 through 1-17-08), pay William Medina $40,092.95 ($500.00 per day for 79 days for non-payment of overtime plus actual overtime 10-30-07 through 1-17-08), pay Jesus Mota $32,048.70 ($500.00 per day for 63 days for non-payment of overtime plus actual overtime 11-15-07 through 1-17-08), pay Jeremy Weise $47,216.39 ($500.00 per day for 94 days for non-payment of overtime plus actual overtime 10-15-07 through 1-17-08).   In addition, VINCO is to pay Painters District Council 30 a total of $148,000.00 for violations of the Collective Bargaining Agreement ($500.00 per day for 94 days of no overtime permit, 101 days of not registering job locations and 101 days for not providing check stubs to the employees).   Mr. Angelilli will be informed that all payments are to be sent to the District Council before January 31, 2008.

As a reminder, the decision of Painters District Council 30's Trade Board is final and



EXHIBIT

A

1905 Sequoia Drive, Suite 201, Aurora, Illinois 60506  •  630.377.2120

V 000001

binding on all parties.   If this matter is referred to Civil Court for adjudication, all attorney's fees and court costs will be added to the fine issued by the Board.

If you have any questions regarding this matter, please call my office.

Sincerely,

Charles E. Anderson
Secretary-Treasurer



$0.41⁰
US POSTAGE
FIRST-CLASS
0625000642226
062S00064Ω0506
stamps.com
C12284.05

328840

W2 06
07
0

PAY STUBS

DENISU
SAVINGS

NOTIFY SENDER OF NEW ADDRESS
ANGELILLI FORESTVIEW AVE
4597 N FORESTVIEW AVE
CHICAGO IL 60656-4132

50S NFE 1 507C 00 01/25/08

BC: 50655413237   *0675-18915-25-38

Vince Angelilli
Vinco Painting, Inc.
6649 Ogallah
Chicago, IL 60631

50656Ω4132

50655413237

900 JORIE

192

847-583-7833

PAINTERS DISTRICT COUNCIL 30

1905 Sequoia Drive, Suite 201, Aurora, Illinois 60506 • 630.377.2120

226

EXHIBIT
B

V 000003

# PAINTERS DISTRICT



Joint Trade Board

JUSTIN AVEY
Chairman

CHARLES ANDERSON
Secretary

January 3, 2008

Vince Angelilli
Vinco Painting, Inc.
6649 Ogallah
Chicago, Illinois    60631

Certified Return Receipt Mail
1st Class Mail

Dear Mr. Angelilli:

Charges have been filed against your company for violations of the Collective Bargaining Agreement to which you are signatory.   You are instructed to appear before the next meeting of Painters District Council No. 30's Joint Trade Board which will be held at the District Council office on January 17, 2008 at 9:00 a.m.   You are required to bring all time card/time sheets, payroll journals and records, copies of all payroll checks and payroll stubs, State of Illinois Department of Employment Security form UI-3/40, Federal form 941 and form IL-501 for calendar year 2007.

A copy of the complaint has been enclosed for your review.   Failure to appear will result in a hearing held in your absence and the decision of the Trade Board will be final and binding.   If this matter is referred to Civil Court for adjudication, all attorney's fees and court costs will be added to any remedy issued by the Board.

If you have any questions regarding this matter, please call my office.

Sincerely,

Charles E. Anderson
Secretary-Treasurer

Enclosure



EXHIBIT
C

1905 Sequoia Drive, Suite 201, Aurora, Illinois 60506  •  630.377.2120
www.paintersdc30.com

# PAINTERS DISTRICT COUNCIL 30

## Office of Membership Services

JAMES STELMASEK
*Director of Membership Services*


Charles Anderson, Secretary Treasurer
Painters District Council #30
1905 Sequoia Drive, Suite 201
Aurora, IL 60506


RE: Vinco Painting, Inc.
Vince Angelilli
Ph. 773-507-7400


December 28, 2007


Dear Sir and Brother,

I, James Stelmasek, District Council #30 Representative do hereby charge
Vinco Painting with the following violations of the current Collective Bargaining Agreement:


<u>Article 4, Union Security:</u>  Dues Check off and Organizing & Defense Fund,
Sec. 4.2 (pg. 7)
<u>Article 8, Wage Rates:</u>  Overtime Issues, Sec. 8.6 (pg. 25)
Payment of Wages and Check Stubs, Sec. 8.7 (a) and (b) (pgs. 25 & 26)
<u>Article 9, Benefit Funds</u>:  Monthly Reporting, Sec. 9.3 (b) (pg.31)

District Council #30 members Loren Deland, William Medina, Jesus Mota and Jeremy Weise
worked at various locations for Vinco Decorating.  All members were laid off and have not
received their last paychecks even though Vince was contacted numerous times by the members
and District Council Representative Brian Muscat.

Loren worked at the Palos Heights Dominick's store and did not receive overtime for two weeks
that he received a paycheck and is owed second shift premium pay for the last week he worked.
William worked at the same location and is owed regular and overtime pay.  Jesus worked at
One North LaSalle in Chicago and is owed regular and overtime pay.  Jeremy worked at the
Dominick's in Bloomingdale and is owed second shift premium pay. (Please see attached for
dates, hours and amounts owed).

Jeremy did not receive a paycheck stub for the week of October 8, 2007.  Loren's pay stubs were a typed word document instead of the required detachable type.

The hours owed have not been reported to The Benefit Funds Office.


Sincerely,

James Stelmasek
Director of Membership Services

# EXHIBIT

# 2

## DECLARATION OF DENISE ANGELILLI

I, Denise Angelilli, declare under penalty of perjury under the laws of the United States of America that the following is true and correct:

1.  I work as an Adminstrative Assistant for my husband, Vince Angelilli, at Vinco Painting, Inc. ("Vinco") and have been so employed at Vinco since it was incorporated on August 4, 2006. I assist my husband in running the day-to-day operations of Vinco.

2.  On August 30, 2007, Vinco's office was located at 6649 N. Ogallah, Chicago, Illinois 60631, and its phone number was (773) 507-7400.

3.  Vinco's office was not only located at 6649 N. Ogallah, Chicago, Illinois, but I resided at this location as well with my husband, Vince Angelilli and my two children, who are seven and nine years old. We rented a single family home from John Thompson at this location.

4.  In or about August, 2007, my Husband and I were involved in a dispute with John Thompson. As a result, John Thompson served me and my family with written notice terminating the lease and to vacate 6649 N. Ogallah, Chicago, Illinois by October 1, 2007.

5.  After receiving written notice from John Thompson, my family and I made plans to move to 4637 N. Forestview Avenue, Chicago, Illinois 60650.

6.  On or about November 6, 2007, my family and I moved to 4637 N. Forestview Avenue, Chicago, Illinois 60650. Since I moved my residence, the office of Vinco also changed on November 6, 2007 to 4637 N. Forestview Avenue, Chicago, Illinois 60650.

7.  Although Vinco's office address changed, its telephone number remained the same after Vinco moved on November 6, 2007.

8.  On or about January 25, 2008, my husband opened a letter received from Charles E. Anderson ("Anderson") of the Painters District Council No. 30 ("Union") on that day, by First Class Mail, which was dated January 22, 2008 and he gave it to me. A genuine copy of this letter is attached to this Declaration as Exhibit A.

9.  Anderson's January 22, 2008, letter states in pertinent part that the "the following is the excerpt from the minutes of Painters District Council 30's Joint Trade Board hearing involving your company. I am sure that you will find it self explanatory. The case of Vinco Painting was presented to the Board by Secretary-Treasurer Anderson. James Stelmasek, Director of Membership Servicing and Member Loren Deland were in attendance. Vince Angelilli of Vinco was absent. In



accordance with the rules of the Joint Trade Board the hearing was held in his absence. The facts and testimony as they related to the charges were presented to the Board. After hearing the testimony the Board found Vinco guilty as charged and set forth the following decisions: Vinco is to pay Loren Deland $38,591.82 ($500.00 per day for 73 days for non-payment of overtime plus actual overtime 11-5-07 through 1-17-08), pay William Medina $40,092.95 ($500.00 per day for 79 days for non-payment of overtime plus actual overtime 10-30-07 through 1-17-08), pay Jesus Mota $32,048.70 ($500.00 per day for 63 days for non-payment of overtime plus actual overtime 11-15-07 through 1-17-08), pay Jeremy Weise $47,216.39 ($500.00 per day for 94 days for non-payment of overtime plus actual overtime 10-15-07 through 1-17-08). In addition, Vinco is to pay Painters District Council 30 a total of $148,000.00 for violations of the Collective Bargaining Agreement ($500.00 per day for 94 days of no overtime permit, 101 days of not registering job locations and 101 days for not providing check stubs to the employees). Mr. Angelilli will be informed that all payments are to be sent to the District council before January 31, 2008."

10.    Directly above the salutation on the first page of Anderson's January 22, 2008 letter, the letter indicates that it was sent by Certified Mail Return Receipt Mail and First Class Mail.

11.    I never received Anderson's January 22, 2008, letter that was sent by Certified Mail.

12.    The only January 22, 2008 letter that Vinco received was by First Class Mail.

13.    The attached Exhibit B (excluding the handwritten notations I made on the envelope) is a genuine copy of the envelope, which contained Anderson's January 22, 2008 was sent by First Class Mail, that Vinco received on or about January 25, 2008.

14.    The envelope ("Exhibit B") shows that it was forwarded by the Post Office from 6649 Ogallah, Chicago, IL to 4637 N. Forestview Ave., Chicago, Illinois on or about January 25, 2008.

15.    I have reviewed a letter written by Charles E. Anderson, which is dated January 3, 2008, that states Vinco Painting was instructed to appear before the Joint Trade Board ("JTB") on January 17, 2008, at 9:00 a.m. and enclosed a copy of charges filed against Vinco by James Stelmasek that was produced by the Union in the lawsuit and is attached to this Declaration as Exhibit C.

16.    Anderson's January 3, 2008, letter indicates directly above the saluation on the first page, that it was sent Certified Return Receipt Mail and First Class Mail.

2

17.   I did not receive Anderson's January 3, 2008, letter that was sent by Certified Mail, or by First Class Mail.

18.   The first time I learned that the Union filed any charges against Vinco, was on or about January 25, 2008, when I received Anderson's January 22, 2008 letter by First Class Mail.

19.   The first time I learned that Vinco was ordered to appear at a hearing before the JTB, was on or about January 25, 2008, when Vinco received Anderson's January 22, 2008 letter by First Class Mail.

20.   On the same day Vinco received Anderson's letter on January 25, 2008, my husband called Anderson on the telephone at the Union's offices. I was present for this conversation. My husband told Anderson that Vinco had not received prior notice of the JTB hearing.

21.   Charles Anderson told my husband that he could get Vinco back before the JTB if Vinco gave him a check for $50,000.00. My husband told him that Vinco did not have $50,000.00.

22.   Vinco did not and does not have $50,000.00 to give to Charles Anderson.

23.   On January 25, 2008, I called James Stelmasek ("Stelmasek") on the telephone at the Union's office. Stelmasek told me to ignore the numbers in the JTB Award since they were outrageous. He also told me he would fax amended claims to me. Attached hereto as Exhibit D is a genuine copy of the amended claims I received from Stelmasek on January 25, 2008.

24.   On February 29, 2008, I sent a letter to Charles Anderson by facsimile. Attached to this Declaration as Exhibit E is a genuine copy of this letter.

25.   In my February 29, 2008, letter I again informed Charles Anderson that Vinco never received notice of the JTB hearing. I also requested Charles Anderson to provide me with the basis of any belief he may have had that Vinco received notice of the hearing. I received no response from Charles Anderson.

By: /s/ Denise Angelilli

DATED:   June 6, 2008

3

# PAINTERS DISTRICT COUNCIL 30

Joint Trade Board

JUSTIN AVEY
*Chairman*

CHARLES ANDERSON
*Secretary*

January 22, 2008

Vince Angelilli
Vinco Painting, Inc.
6649 Ogallah
Chicago, Illinois    60631

Certified Return Receipt Mail
1st Class Mail

Dear Mr. Angelilli:

The following is the excerpt from the minutes of Painters District Council 30's Joint Trade Board hearing involving your company.    I am sure that you will find it self explanatory.

> The case of VINCO Painting was presented to the Board by Secretary-Treasurer Anderson.    James Stelmasek, Director of Membership Servicing and Member Loren Deland were in attendance. Vince Angelilli of VINCO Painting was absent.    In accordance with the rules of the Joint Trade Board the hearing was held in his absence.    The facts and testimony as they related to the charges were presented to the Board.    After hearing the testimony the Board found VINCO guilty as charged and set forth the following decisions:    VINCO is to pay Loren Deland $38,591.82 ($500.00 per day for 73 days for non-payment of overtime plus actual overtime 11-5-07 through 1-17-08), pay William Medina $40,092.95 ($500.00 per day for 79 days for non-payment of overtime plus actual overtime 10-30-07 through 1-17-08), pay Jesus Mota $32,048.70 ($500.00 per day for 63 days for non-payment of overtime plus actual overtime 11-15-07 through 1-17-08), pay Jeremy Weise $47,216.39 ($500.00 per day for 94 days for non-payment of overtime plus actual overtime 10-15-07 through 1-17-08).    In addition, VINCO is to pay Painters District Council 30 a total of $148,000.00 for violations of the Collective Bargaining Agreement ($500.00 per day for 94 days of no overtime permit, 101 days of not registering job locations and 101 days for not providing check stubs to the employees).    Mr. Angelilli will be informed that all payments are to be sent to the District Council before January 31, 2008.

As a reminder, the decision of Painters District Council 30's Trade Board is final and



EXHIBIT

A

1905 Sequoia Drive, Suite 201, Aurora, Illinois 60506  •  630.377.212(

**V 000001**

binding on all parties.   If this matter is referred to Civil Court for adjudication, all attorney's fees and court costs will be added to the fine issued by the Board.

If you have any questions regarding this matter, please call my office.

Sincerely,

Charles E. Anderson
Secretary-Treasurer



$0.410
US POSTAGE
FIRST-CLASS
062S0006422234
60506
C12284.05
stamps.com

028840

06
W2  07
0

PAY STUBS

PENSION

SAVINGS

NOTIFY SENDER OF NEW ADDRESS
ANGEL LILI
4657 N FORESTVIEW AVE
CHICAGO IL 60655-4132
BC: 50655413297    *0875-10915-22-38

506 NFE 1 807C 00 01/25/08

Vince Angelilli
Vinco Painting, Inc.
6649 Ogallah
Chicago, IL 60631

50655@04132

50655-4132

847-583-7833

900 JOLIET
192

PAINTERS DISTRICT COUNCIL 30
1905 Sequoia Drive, Suite 201 • Aurora, Illinois 60506 • 630.777.2120
228

EXHIBIT
B

V 000003

# PAINTERS DISTRICT



## Joint Trade Board

JUSTIN AVEY
Chairman

CHARLES ANDERSON
Secretary

January 3, 2008

Vince Angelilli
Vinco Painting, Inc.
6649 Ogallah
Chicago, Illinois    60631

Certified Return Receipt Mail
1st Class Mail

Dear Mr. Angelilli:

Charges have been filed against your company for violations of the Collective Bargaining Agreement to which you are signatory.   You are instructed to appear before the next meeting of Painters District Council No. 30's Joint Trade Board which will be held at the District Council office on January 17, 2008 at 9:00 a.m.   You are required to bring all time card/time sheets, payroll journals and records, copies of all payroll checks and payroll stubs, State of Illinois Department of Employment Security form UI-3/40, Federal form 941 and form IL-501 for calendar year 2007.

A copy of the complaint has been enclosed for your review.   Failure to appear will result in a hearing held in your absence and the decision of the Trade Board will be final and binding.   If this matter is referred to Civil Court for adjudication, all attorney's fees and court costs will be added to any remedy issued by the Board.

If you have any questions regarding this matter, please call my office.

Sincerely,

Charles E. Anderson
Secretary-Treasurer

Enclosure



EXHIBIT
C

1905 Sequoia Drive, Suite 201, Aurora, Illinois 60506  •  630.377.2120
w w w . P a i n t e r s D C 3 0 . c o m

228

# PAINTERS DISTRICT COUNCIL 30

## Office of Membership Services

JAMES STELMASEK
Director of Membership Services

Charles Anderson, Secretary Treasurer
Painters District Council #30
1905 Sequoia Drive, Suite 201
Aurora, IL 60506

RE: Vinco Painting, Inc.
Vince Angelilli
Ph. 773-507-7400

December 28, 2007

Dear Sir and Brother,

I, James Stelmasek, District Council #30 Representative do hereby charge
Vinco Painting with the following violations of the current Collective Bargaining Agreement:

Article 4, Union Security: Dues Check off and Organizing & Defense Fund,
Sec. 4.2 (pg. 7)
Article 8, Wage Rates: Overtime Issues, Sec. 8.6 (pg. 25)
Payment of Wages and Check Stubs, Sec. 8.7 (a) and (b) (pgs. 25 & 26)
Article 9, Benefit Funds: Monthly Reporting, Sec. 9.3 (b) (pg.31)

District Council #30 members Loren Deland, William Medina, Jesus Mota and Jeremy Weise
worked at various locations for Vinco Decorating. All members were laid off and have not
received their last paychecks even though Vince was contacted numerous times by the members
and District Council Representative Brian Muscat.

Loren worked at the Palos Heights Dominick's store and did not receive overtime for two weeks
that he received a paycheck and is owed second shift premium pay for the last week he worked.
William worked at the same location and is owed regular and overtime pay. Jesus worked at
One North LaSalle in Chicago and is owed regular and overtime pay. Jeremy worked at the
Dominick's in Bloomingdale and is owed second shift premium pay. (Please see attached for
dates, hours and amounts owed).

228

Jeremy did not receive a paycheck stub for the week of October 8, 2007. Loren's pay stubs were a typed word document instead of the required detachable type.

The hours owed have not been reported to The Benefit Funds Office.

Sincerely,

James Stelmasek
Director of Membership Services

01/25/2008 FRI 10:24  FAX 630 377 2384 PAINTERS D.C.  #30                    ⬜002/004

# Vinco Painting

## Amended 1/24/08

| TOTAL WAGE DISCREPANCY | | | $3,449.86 |
|---|---|---|---|

| FUNDS | RATE | HOURS | AMOUNTS |
|---|---|---|---|
| HEALTH & WELFARE | $6.40 | 260.5 | $1,667.20 |
| PENSION | $6.50 | 252 | $1,638.00 |
| APPRENTICESHIP | $0.55 | 260.5 | $143.28 |
| I.U.P.A.T. LABOR MANAGEMENT | $0.05 | 260.5 | $13.03 |
| N.I.P.D.I. | 1.5% of gross wages | | $51.75 |
| TOTAL | | | $3,513.25 |

| DISTRICT COUNCIL | | | |
|---|---|---|---|
| DUES CHECK - OFF | 2% of gross wages | | $69.00 |
| DEFENSE FUND | $0.20 | 260.5 | $52.10 |
| TOTAL | | | $121.10 |

| TOTAL DUE TO ALL FUNDS | | | $3,634.35 |
|---|---|---|---|
| TOTAL DUE TO ALL MEMBERS | | | $3,328.76 |

| GRAND TOTAL | | | $6,963.11 |
|---|---|---|---|

EXHIBIT

01/25/2008 FRI 10:24  FAX 630 377 2384  PAINTERS D.C.  #30                    @003/004

# Loren Deland
Amended 1/24/08

| NAME | PAY PERIOD | REG. | SHIFT PAY | O.T. | HRS. WORKED | HRS. PAID TO FUNDS | WAGES | AMT. PAID | DISCREPANCY |
|---|---|---|---|---|---|---|---|---|---|
| Deland, Loren | 11/5/2007 | 40 | 5 | 6 | 51 | 0 | $1,911.60 | $1,625.18 | $286.42 |
| | 11/13 | 39.5 | 5 | | 44.5 | 0 | $1,575.30 | $1,398.33 | $176.97 |
| | 11/26 | 30 | 4 | | 34 | 0 | $1,203.60 | $1,062.00 | $141.60 |
| | 12/3 | 40 | 5 | 16 | 61 | 0 | $2,442.60 | $1,982.40 | $460.20 |
| Rate: $35.40 | 12/16 | | | 32 | 32 | 0 | $1,699.20 | $0.00 | $1,699.20 |
| | | | | | 222.5 | 0 | $8,832.30 | $6,067.91 | $2,764.39 |

**TOTALS**

Cash Payment  -$800.00

$1,964.39

| FUNDS | RATE | HOURS | AMOUNTS |
|---|---|---|---|
| HEALTH & WELFARE | $6.40 | 222.5 | $1,424.00 |
| PENSION | $6.50 | 222.5 | $1,446.25 |
| APPRENTICESHIP | $0.55 | 222.5 | $122.38 |
| I.U.P.A.T. LABOR MANAGEMENT | $0.05 | 222.5 | $11.13 |
| N.I.P.D.I. | 1.5% of gross wages | | $41.47 |
| TOTAL | | | $3,045.22 |

| DISTRICT COUNCIL | | | |
|---|---|---|---|
| DUES CHECK - OFF | 2% of gross wages | | $55.29 |
| DEFENSE FUND | $0.20 | 222.5 | $44.50 |
| TOTAL | | | $99.79 |

| TOTAL AMOUNT DUE | $5,109.39 |
|---|---|
| DUE TO ALL FUNDS | $3,145.00 |
| DUE TO MEMBER | $1,964.60 |

## Jesus Mota   AMENDED 1-17-08

| NAME | PAY PERIOD | REG. | O.T. | HRS. WORKED | HRS. PAID TO FUNDS | WAGES | AMT. PAID | DISCREPANCY |
|---|---|---|---|---|---|---|---|---|
| Mota, Jesus | 11/15/2007 | | 4 | 4 | 0 | $212.40 | $0.00 | $212.40 |
| Rate: $35.40 | 11/16 | 8 | 1 | 9 | 0 | $336.30 | $0.00 | $336.30 |
| TOTALS | | | | 13 | 0 | $548.70 | $0.00 | $548.70 |

| FUNDS | RATE | HOURS | AMOUNTS |
|---|---|---|---|
| HEALTH & WELFARE | $6.40 | 13 | $83.20 |
| PENSION | $6.50 | 13 | $84.50 |
| APPRENTICESHIP | $0.55 | 13 | $7.15 |
| I.U.P.A.T. LABOR MANAGEMENT | $0.05 | 13 | $0.65 |
| N.I.P.D.I. | 1.5% of gross wages | | $8.23 |
| TOTAL | | | $183.73 |

DISTRICT COUNCIL

| DUES CHECK - OFF | 2% of gross wages | | $10.97 |
|---|---|---|---|
| DEFENSE FUND | $0.20 | 13 | $2.60 |
| TOTAL | | | $13.57 |

| TOTAL AMOUNT DUE | $759.58 |
|---|---|
| DUE TO ALL FUNDS | $197.30 |
| DUE TO MEMBER | $535.13 |

Page 1 of 1

# Vinco Painting Inc.

4637 N. Forestview Ave. ● Chicago, IL 60631 ● Tel. (773) 507 – 7400 ● Fax. (773) 589 - 1413

February 29, 2008

<u>*Via fax to 630-377-2384*</u>

Charles E. Anderson
Secretary-Treasurer
Painters District Council 30
1905 Sequoia Drive, Suite 201
Aurora, IL 60506

Dear Mr. Anderson,

On January 25, 2008 I told you that Vinco Painting never received notice of a Joint Trade Board hearing. However, mail is still being sent to Vinco Painting's old address. Again, please correct your records to show that mail should be sent to Vinco Painting at the address listed at the top of this letter.

After I informed you on January 25th that we did not receive notice of any hearing, you told me to pay the last checks for employees and to send a check to you for $50,000 with a letter by March 13, 2008. You said that you would not cash the check, but would get the case back before the Joint Trade Board. I do not understand why you are asking for a check on one hand, and then representing that you would not cash it on the other hand. Jim Stelmasek also told me just prior to faxing me the decision the numbers were outrageous and we should ignore them.

The claims made are ridiculous and untrue. For example, attached is a check paid to Jesus Mota in the amount of $441.84, which is dated December 7, 2007, with corresponding paystub that shows Mr. Mota worked 17 hours. The documents faxed by your office to us on January 25th claim that Mr. Mota worked 13 hours and was not paid anything for his work. As the documents attached to this letter show, Mr. Mota did received gross pay in an amount exceeding his alleged claim.

The other claims made by others, including, but not limited to, Loren Deland, are also ridiculous and untrue. As you also know, Loren Deland was caught on a jobsite using and selling drugs, which prompted us to immediately terminate his employment.



I cannot understand how you continue to claim that we owe any money when we were prevented from submitting our position to the board, since we did not receive any notice of the hearing and you are now trying to extort money from us.

If you truly believe that Vinco Painting received notice of the hearing, please immediately provide me with the basis of your belief, including any documents that support your belief. Otherwise, please confirm in writing that the Award is invalid.

Please send to me all agreements signed by Vinco Painting, as well as any other agreements to which Vinco Painting may be bound.

Sincerely,

Denise Angelilli
Administrative Assistant