

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 1999 WL 300283 (N.D.Ill.)
**(Cite as: Not Reported in F.Supp.2d)**

Page 1

Local 727, Laborers' Intern. Union of North America v. MacNab
N.D.Ill.,1999.
Only the Westlaw citation is currently available.
United States District Court, N.D. Illinois, Eastern Division.
Local 727, Laborers' International Union of North America, Plaintiff,
v.
Kevin MACNAB d/b/a Ridge Builders, Defendant.
**No. 98 C 6164.**

May 6, 1999.

### MEMORANDUM OPINION AND ORDER

KOCORAS, District J.
*1 This matter comes before the court on plaintiff Local 727, Laborers' International Union of North America's motion for summary judgment pursuant to Federal Rule of Civil Procedure 56. For the reasons set forth below, we deny plaintiff's motion.

### BACKGROUND

Plaintiff, Local 727, Laborers' International Union of North America ("Local 727"), filed the instant action seeking to enforce an arbitration award entered in its favor against the defendant Kevin MacNab ("MacNab"), doing business as Ridge Builders ("Ridge Builders"). Local 727 now seeks summary judgment on its complaint. Ridge Builders defends against the present motion, arguing that it did not violate the applicable collective bargaining agreement, as alleged, and that it never received notice of the arbitration hearing, nor the entry of an award in Local 727's favor. We set forth below the relevant background facts.

Local 727 is a labor organization within the meaning of the National Labor-Management Relations Act. 29 U.S.C. § 152(5). Local 727 maintains an office at 662 Palmyra Road in Dixon, Illinois. Ridge Builders is a construction contractor. At the time of certain disputes relevant to this lawsuit, Ridge Builders maintained an office at 5121 North New England in Chicago, Illinois. Ridge Builders is currently located at 704 North River Road in Mount Prospect, Illinois.

Local 727 is a party to a collective bargaining agreement known as the Building Construction Agreement. The Building Construction Agreement was negotiated between the North Central Illinois Laborers' District Council and the Northern Illinois Building Contractors Association. Ridge Builders is a party to the Building Construction Agreement by virtue of a Memorandum of Agreement it executed with Local 727 on October 29, 1997.

Article III, Section 1 of the Building Construction Agreement states:
*Section 1.* The Employer shall obtain applicants for employment through the Referral Office of the Union in accordance with the non-discriminatory provisions governing the operation of the Union's Referral Office as set forth in full herein, and said employment shall be granted regardless of race, creed, color, sex, age or national origin.

Article XVI, Section 7 of the Building Construction Agreement states in relevant part:
*Section 7....* No steward shall be discharged without the Employer conferring with the Business Manager of the Local Union involved, and a mutual understanding arrived at.

Finally, Article XXVIX, entitled "Adjustment of Disputes," provides a procedure for resolution of disputes arising out of the Building Construction Agreement. Where disputes cannot be resolved between the parties, the parties are referred to an arbitration board, known as the Negotiating Committee, which is composed of a maximum of three employer representatives and a maximum of three union representatives. Pursuant to Article XXVIX,

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.



Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 1999 WL 300283 (N.D.Ill.)
**(Cite as: Not Reported in F.Supp.2d)**

Page 2

Section 2, the Negotiating Committee has the authority to decide all matters coming before by it majority vote.

**\*2** Sometime in early February 1998, Local 727 became aware that Ridge Builders was allegedly employing a laborer on a job at Sterling High School who had not been referred through Local 727's hiring hall. If true, such conduct would violate Article III of the Building Construction Agreement. On or about February 24, 1998, Local 727 became aware that Ridge Builders allegedly terminated Dale Sutton ("Sutton"), a member of the bargaining unit employed by Ridge Builders and the Local 727 Steward on the Sterling High School job site. Ridge Builders allegedly terminated Sutton without first conferring with Local 727, in violation of Article XVI, Section 7 of the Building Construction Agreement.

Ridge Builders asserts that it did not violate either Article III or Article XVI of the Building Construction Agreement in February 1998. With respect to the allegedly un-referred laborer, Ridge Builders claims it properly hired a carpenter and his apprentice to perform work at the Sterling High School site and that Local 727 representatives improperly ordered the apprentice to remove himself from the job site. With respect to Sutton, Ridge Builders claims it had a history of problems with Sutton, including repeated absences and insubordination. Ridge Builders further asserts that Sutton quit his position with Ridge Builders and was not terminated.

Regardless of the circumstances underlying these incidents, on February 27, 1998, Local 727 prepared grievances surrounding each incident. Local 727 forwarded the grievances to the North Central Illinois Laborers' District Council ("North Central District Council") for further processing. On March 9, 1998, John Penn ("Penn"), Business Manager for the North Central District Council, sent a letter to Ridge Builders, in care of MacNab, notifying the company of the two pending grievances and stating that Local 727 wished to discuss the disputes with it. Ridge Builders, through MacNab, claims it never received this letter. Ridge Builders had however, by letter dated February 26, 1998, notified the North Central District Council of its intention of filing a grievance against Local 727. The North Central District Council received notice of Ridge Builders' intentions on March 2, 1998.

Neither Local 727 nor the North Central District Council received any response from Ridge Builders regarding the pending grievances. On May 13, 1998, Glen Turpoff ("Turpoff"), Executive Director of the Northern Central District Council and Secretary of the Negotiating Committee, sent a letter to Ridge Builders, again via MacNab, notifying the company that the Negotiating Committee would hold a hearing on the pending grievances on June 12, 1998. The letter, sent certified mail, return receipt requested, was subsequently returned marked "unclaimed." Ridge Builders, through MacNab, claims that it did not receive a copy of the May 13, 1998 letter.

On June 12, 1998, the Negotiating Committee convened to conduct a hearing on Local 727's grievances against Ridge Builders, as well as Ridge Builders' grievance against Local 727. No representative of Ridge Builders attended the June 12 hearing. After hearing testimony from Local 727, the Negotiating Committee sustained Local 727's grievances and dismissed Ridge Builders' grievance. On June 19, 1998, Turpoff sent a letter to Ridge Builders by certified mail, return receipt requested, informing Ridge Builders of the Negotiating Committee's decisions. In the June 19 letter, Turpoff notified the company that the Negotiating Committee awarded Local 727 back pay against Ridge Builders in the amount of $4,702.76 and requested payment within 10 working days. The June 19 letter was returned to Turpoff's office marked "unclaimed." Ridge Builders, through MacNab, claims it never received a copy of the June 19, 1998 letter.

**\*3** On August 13, 1998, counsel for Local 727 sent Ridge Builders a letter informing the company that

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 1999 WL 300283 (N.D.Ill.)
(Cite as: Not Reported in F.Supp.2d)

Page 3

unless it complied with the Negotiating Committee's June 12 decisions, Local 727 would file suit in the United States District Court to enforce the awards. Copies of the letter were sent to Ridge Builders by both regular and certified mail. The certified copy of the August 13 letter was returned to counsel's office marked "unclaimed." Ridge Builders, through MacNab, claims it never received any copy of the August 13, 1998 letter.

We must briefly tell Ridge Builders' side of the story. As demonstrated in its February 26, 1998 grievance filed against Local 727, Ridge Builders complained of alleged mistreatment by Local 727 and its officials, particularly James Lawson ("Lawson"), Local 727's Business Manager. Among Ridge Builders' complaints against Local 727 and Lawson were: (1) Local 727 forced Ridge Builders to continue to employ Sutton, even after the company notified the union of Sutton's repeated absences; (2) Local 727 ordered a worker off Ridge Builders' job site without extending him the opportunity to join the union, allegedly in violation of the Building Construction Agreement; (3) Local 727 violated the Building Construction Agreement by failing to send qualified individuals to work on Ridge Builders' job sites; and (4) Lawson repeatedly threatened Ridge Builders' owners with economic sanctions unless the company complied with the union's orders.

On March 9, 1998, Ridge Builders contacted the National Labor Relations Board to complain about Local 727's treatment of the company. Ridge Builders also complained about Local 727's conduct to the Northern Central District Council. On March 12, 1998, Ridge Builders filed a formal charge against Local 727 with the National Labor Relations Board. Throughout late March and early April 1998, Ridge Builders corresponded with the National Labor Relations Board regarding its complaints against Local 727. On June 3, 1998, the National Labor Relations Board notified Ridge Builders that it had investigated the company's complaints against Local 727 and determined that no further proceedings were warranted.

As noted above, Ridge Builders claims it never received notification of Local 727's grievances, the hearing before the Negotiating Committee or the committee's decision regarding the grievances. It is undisputed that in and around the time when the correspondence in question were sent, Ridge Builders moved their business from 5121 North New England in Chicago, Illinois, to 704 North River Road, Mount Prospect, Illinois. We do note, however, that MacNab maintains some relationship with the North New England address, as the summons in the present lawsuit was served on a "Mrs. Kevin MacNab" on October 12, 1998 at that address.

On October 1, 1998, having heard nothing from Ridge Builders, Local 727 filed the present suit seeking to enforce the terms of the Negotiating Committee's June 12 decisions. Local 727 now moves for summary judgment. Before we address the merits of Local 727's motion for summary judgment, we set forth the legal standard that guides our analysis.

LEGAL STANDARD

*4 Summary judgment is appropriate if the pleadings, answers to interrogatories, admissions, affidavits and other material show "that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law."Fed.R.Civ .P. 56(c). Only disputes over facts "that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment."*Derrico v. Bungee Int'l Mfg. Co.,* 989 F.2d 247, 250 (7th Cir.1993) (quoting *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)). The party seeking summary judgment carries the initial burden of showing that no such issues exist. Pursuant to Rule 56(b), when a properly supported motion for summary judgment is made, the adverse party must set forth specific facts showing that there is a

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

genuine issue as to any material fact and that the moving party is not entitled to judgment as a matter of law. *Anderson,* 477 U.S. at 248-50;*Cleveland v. Porca Co.,* 38 F.3d 289, 295 (7th Cir.1994).

In making our determination, we are to draw inferences from the record in the light most favorable to the non-moving party. We are not required, however, to draw every conceivable inference, but rather only those that are reasonable.*Tyler v. Runyon,* 70 F.3d 458, 467 (7th Cir.1995); *Richards v. Combined Ins. Co. of America,* 55 F.3d 247, 251 (7th Cir.1995). The nonmovant may not rest upon mere allegations in the pleadings or upon conclusory statements in affidavits; rather she must go beyond the pleadings and support her contentions with proper documentary evidence. *Celotex Corp. v. Catrett,* 477 U.S. 317, 324, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Wallace v. Batavia School District 101,* 68 F.3d 1010, 1011-12 (7th Cir.1995).

The plain language of Rule 56(c) mandates the entry of summary judgment against a party who fails to establish the existence of an essential element of the party's case, and on which that party will bear the burden of proof at trial. *Lujan v. National Wildlife Federation,* 497 U.S. 871, 883, 110 S.Ct. 3177, 111 L.Ed.2d 695 (1990) (quoting *Celotex,* 477 U.S. at 322);*Green v. Whiteco Industries, Inc.,* 17 F.3d 199, 201 (7th Cir.1994) (also quoting *Celotex* ). In such a situation there can be " 'no genuine issue as to any material fact since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." ' *Jean v. Dugan,* 20 F.3d 255, 260 (7th Cir.1994) (quoting *Celotex,* 477 U.S. at 323). With these principles in mind, we turn to Local 727's motion for summary judgment.

DISCUSSION

Judicial review of commercial arbitration awards is extremely limited. *See Baravati v. Josephthal, Lyon & Ross, Inc.,* 28 F.3d 704, 706 (7th Cir.1994) (

"[P]erhaps is ought not be called 'review' at all."); *National Wrecking Co. v. International Brotherhood of Teamsters, Local 731,* 990 F.2d 957, 960 (7th Cir.1993) ("Our review of an arbitrator's award which arises out of a collective bargaining agreement is extremely limited."). The principle behind such limited review is deference to the *ex ante* intentions of the parties:

*5 By including an arbitration clause in their contract the parties agree to submit disputes arising out of the contract to a nonjudicial forum, and we do not allow the disappointed party to bring his dispute into court by the back door, arguing that he is entitled to appellate review of the arbitrators' de- cision.

*Baravati,* 28 F.3d at 706 (collecting cases).

Federal courts may overturn an arbitrator's decision only on the narrow grounds set out in the Federal Arbitration Act ("Arbitration Act"), 9 U.S.C. § 1, *et seq. See Gingiss International, Inc. v. Bormet,* 58 F.3d 328, 332 (7th Cir.1995). Sufficient grounds to overturn an arbitrator's decision include: (1) where the award was procured by corruption, fraud or undue means; (2) where there was evident partiality or corruption in the arbitrators; (3) where the arbitrators committed certain types of procedural misconduct; and (4) where the arbitrators exceeded their powers or so imperfectly executed them that a "mutual, final, and definite" award was not made. 9 U.S.C. § 10(a); *see also Flexible Manufacturing Systems Pty. Ltd. v. Super Products Corp.,* 86 F.3d 96, 99 (7th Cir.1996). Both the Supreme Court and the Seventh Circuit have also recognized "manifest disregard of the law" as a ground for vacatur. *See First Options of Chicago, Inc. v. Kaplan,* 514 U.S. 938, 942, 115 S.Ct.1920, 131 L.Ed.2d 985 (1995); *see also National Wrecking Co.,* 990 F.2d at 961. Thus, that the arbitrator may have come to the wrong decision is not a sufficient ground for setting aside an award. *See Flexible Manufacturing Systems,* 86 F.3d at 100 (" 'Factual or legal errors by arbitrators-even clear or gross errors-do not authorize courts to annul awards .... [I]nsufficiency of the

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                                               Page 5
Not Reported in F.Supp.2d, 1999 WL 300283 (N.D.Ill.)
**(Cite as: Not Reported in F.Supp.2d)**

evidence is not a ground for setting aside an arbitration award under the [Arbitration Act]." ' (quoting *Gingiss International,* 58 F.3d at 333)). We must, therefore, confirm the arbitration award the Negotiating Committee awarded Local 727 unless a deferential review of the record reveals a violation of one of the enumerated standards of review.

In the present matter, the only possible basis for vacating the Negotiating Committee's award is the alleged failure of the committee and/or Local 727 to notify Ridge Builders of the hearing and, subsequently, to notify the company of the entry of the judgment and their right to challenge the judgment. While it appears that Local 727 attempted to notify Ridge Builders on both occasions, Ridge Builders avers that no one from the company was notified of the hearing or the entry of the judgment against it.

The Seventh Circuit has held that inadequate notice of an arbitration hearing is not sufficient grounds to set aside an arbitrator's award. *See Gingiss International,* 58 F.3d at 332. In *Gingiss,* however, the arbitration organization sent three notices of the hearing to the absent party's address, an address where the party had previously received correspondence. *Id.* at 331. The absent party's adversary also sent a notice of arbitration demand to the same address. *Id.* None of the four correspondence was returned as undelivered. *Id.* Relying upon the controlling arbitration agreement, which did not require actual notice of the arbitration hearing, as well as the delivery of the four correspondence, the *Gingiss* court rejected the absent party's argument to vacate the arbitration award based upon improper notice. *Id.* at 332.

*6 In the present matter, Ridge Builders avers that it did not receive notice of either the pending grievances, the hearing before the Negotiating Committee or the entry of ruling against it. The first time Ridge Builders allegedly became aware of Local 727's grievances was when it was served with a summons in the present matter. Local 727 itself admits that the only communications the Negotiating Committee, through the North Central District Council, sent to Ridge Builders, namely (1) the May 13, 1998 letter notifying Ridge Builders of the June 12 hearing and (2) the June 19, 1998 letter notifying Ridge Builders of the entry of judgment against it, were both returned "unclaimed."[FN1] Neither of these letters was also sent regular mail.

> FN1. Furthermore, although John Penn, the Business Manager for the North Central Council, claims he sent Ridge Builders a March 9, 1998 letter informing it of the two pending grievances, none of the affidavits presented to the court, nor the affidavit contained in the official court file, include a copy of this March 9 letter.

Section 10(a)(3) of the Arbitration Act states that a district court may vacate an arbitration award:
Where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of another other misbehavior by which the rights of any party have been prejudiced.

9 U.S.C. § 10(a)(3). In the present matter, the only communication the Negotiating Committee sent to Ridge Builders notifying the company of the June 12 hearing was returned "unclaimed." The Negotiating Committee possessed no evidence that Ridge Builders had notice of that hearing. Notwithstanding this fact, the Negotiating Committee proceeded with the hearing and entered judgment against the company. We think such conduct clearly prejudiced Ridge Builders' rights. For this reason, we deny Local 727's motion for summary judgment and, although Ridge Builders has not so moved, vacate the order of the Negotiating Committee and remand this matter to the committee to conduct an adversarial hearing on Local 727's grievances against Ridge Builders.[FN2]

> FN2. District courts have the inherent authority to dismiss cases sua sponte and control their dockets. *Moser v. Universal*

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Case 1:08-cv-01163  Document 21-2  Filed 06/06/2008  Page 6 of 6 Page 7 of 7

Not Reported in F.Supp.2d  Page 6
Not Reported in F.Supp.2d, 1999 WL 300283 (N.D.Ill.)
(Cite as: Not Reported in F.Supp.2d)

*Engineering Corp.,* 11 F.3d 720, 723 (7th Cir.1993). We think the present matter is a particularly appropriate one to exercise our inherent authority, where Ridge Builders is proceeding *pro se.*

We reject Local 727's argument that Ridge Builders is barred from raising affirmative defenses for the first time in the district court because the company failed to appeal the adverse arbitration ruling within ninety days of entry of that judgment. Although courts in this circuit have held that a party must challenge a federal labor arbitration award within ninety days (*see International Union of Operating Engineers, Local 150, AFL-CIO v. Rabine,* 161 F.3d 427, 429 (7th Cir.1998) (citing *International Union of Operating Engineers, Local 150, AFL-CIO v. Centor Contractors, Inc.,* 831 F.2d 1309, 1311 (7th Cir.1987)), no evidence exists that Ridge Builders ever received notice of the adverse judgment. The Northern Central District Council's June 19 letter informing Ridge Builders of the adverse judgment was returned "unclaimed." So was the certified August 13, 1998 letter sent by Local 727's counsel to Ridge Builders. Although Local 727's counsel also sent his August 13, 1998 letter by regular mail, Ridge Builders, through MacNab, avers that it never received notice of the Negotiating Committee's ruling.

*7 We also reject Local 727's argument that because Ridge Builders, through an individual identified as "Mrs. Kevin MacNab," accepted service of summons in this matter at the address where its counsel sent the August 13, 1998 letter, we should infer that the company had notice of the adverse arbitration ruling. As we have repeated throughout this decision, Ridge Builders avers it did not receive notice of the adverse judgment until it received the summons in this case. Accepting a summons from a process server, even at the address where communications were allegedly sent, and indisputably returned, does not demonstrate Ridge Builders had notice of the adverse judgment.

While we recognize that "the arbitration system is an inferior system of justice, structured without due process, rules of evidence, accountability of judgment and rules of law" and that "parties should be aware that they get what they bargain for and that arbitration is far different from adjudication," (*Moseley, Hallgarten, Estabrook, Inc. & Weeden, Inc. v. Ellis,* 849 F.2d 264, 268 (7th Cir.1988) (citations omitted)), we refuse to simply rubber stamp the decision of an arbitration board if one of the parties to the proceedings was never advised of the hearing or the entry of judgment against it. To do so would pervert basic notions of fairness and due process. We think a genuine issue of material fact exists as to whether Ridge Builders received notice of (1) the grievances against it, (2) the hearing on the grievances and (3) the entry of judgment against it. For this reason, we deny Local 727's motion for summary judgment. Furthermore, we think Ridge Builders was prejudiced by the Negotiating Committee's decision to proceed with the arbitration in the face of evidence that the company was without knowledge of the hearing. Such conduct constitutes adequate grounds to vacate the arbitration award pursuant to 9 U.S.C. § 10(a)(3).

CONCLUSION

For the reasons set forth above, we deny Local 727's motion for summary judgment, vacate the underlying arbitration award and remand this matter back to the arbitration board with instructions to conduct an adversarial hearing.

N.D.Ill.,1999.
Local 727, Laborers' Intern. Union of North America v. MacNab
Not Reported in F.Supp.2d, 1999 WL 300283 (N.D.Ill.)

END OF DOCUMENT

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.