# EXHIBIT

# 1

## **DECLARATION OF DENISE ANGELILLI**

I, Denise Angelilli, declare under penalty of perjury under the laws of the United States of America that the following is true and correct:

1. On October 3, 2007, I faxed the attached job report with Vinco's address of 4637 N. Forestview Avenue, Chicago, Illinois 60650 on it. A genuine copy of this Notice is attached to this Declaration as Exhibit A.


By: /s/ Denise Angelilli

DATED: July 8, 2008

**EXHIBIT 1**

# Vinco Painting Inc.

4637 N. Forestview Ave Chicago Il 60656 Tel (773)507-7400 Fax (773)589-1413

October 3, 2007

Attn: Painter District Council 30
RE: Job Report Form

I am reporting a job to start at Dominick's finer food Store on 10-8-07 in Palos Heights. Any questions please feel free to call.

Thank You
Vince Angelilli
(773)507-7400



EXHIBIT A

# EXHIBIT

# 2

## DECLARATION OF VINCE ANGELILLI

I, Vince Angelilli, declare under penalty of perjury under the laws of the United States of America that the following is true and correct:

1. On January 25, 2008, I called Charles Anderson at the Union's offices. Denise Angelilli was present for this conversation. I told Anderson that Vinco had not received prior notice of the JTB hearing. Charles Anderson told me that I could not get back before the JTB unless I gave him a check for $50,000.00. I told him that I did not have $50,000.00.

2. Vinco Painting did not and does not have $50,000.00 to give to Charles Anderson. I never called Charles Anderson and told him that I wished to appear before the JTB and would meet the conditions set forth by him.

3. I did not call Charles Anderson on March 12, 2008 or tell him I intended to appear before the JTB on March 13, 2008, or that I would bring a check for $50,000.00.

4. When I spoke to Charles Anderson on January 25, 2008, Anderson never told me that he was authorized by the JTB to accept payment in order for an employer to appear before the JTB. Rather, Anderson demanded a check for $50,000. Anderson wanted me to pay the Union $50,000 and I told Anderson it was extortion. I did not know if Anderson was or was not going to cash such a check. Anderson's spoke in a threatening manner and I asked him why he needed a check for $50,000 if he intended not to cash it. He told me not to ask any questions. I was faced with possible criminal charges if Anderson did cash the check since sufficient funds were not available to cover it. As a result, I did not write the check to appear before the JTB

By: /s/ Vince Angelilli

DATED: July 8, 2008



# EXHIBIT

# 3

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PAINTERS DISTRICT COUNCIL NO. 30, <br><br> Plaintiff/Counterdefendant, <br><br> v. <br><br> VINCO PAINTING INC., <br><br> Defendant/Counterplaintiff. | Case No. 08-cv-1163 <br> Judge Conlon <br> Magistrate Judge Ashman |

### PLAINTIFF'S ANSWERS TO DEFENDANT'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

Pursuant to Fed. R. Civ. P. 34, Plaintiff submits the following response to Defendant's First Request for Production of Documents:

1. All collective bargaining agreements, amendments, extensions, trust agreements and short-forms to which you claim Plaintiff is and has been bound for the period covered in the Joint Trade Board ("JTB") Decision and Award ("JTB Decision").

**RESPONSE:** The collective-bargaining agreement was produced with Plaintiff's Rule 26(a)(1) Disclosures. Plaintiff objects to the request for trust agreements as not reasonably calculated to lead to the discovery of admissible evidence, as the benefit fund trust agreements to which Defendant agreed to be bound by executing the collective-bargaining agreement has no bearing on any matter at issue in this case. Notwithstanding this objection, the benefit funds' trust agreements are available for inspection and copying upon request.

2. The Joint Trade Board's decision rendered against Defendant/Counterplaintiff.

**RESPONSE:** There is no formal written opinion setting forth the decision, which is fully set forth in the minutes of the January 17, 2008, meeting of the JTB provided with Plaintiff's Rule 26(a)(1) Disclosures.

EXHIBIT 3

3. All documents and any envelope included in the transmittal of the JTB Decision to you.

**RESPONSE:** Plaintiff objects to this request as not reasonably calculated to lead to the discovery of admissible evidence. Defendant has admitted — and even alleged in its counterclaim — that the JTB rendered the decision set forth in paragraph 14 of the Complaint. Notwithstanding this objection, Plaintiff states that no responsive documents exist.

4. All documents showing transmittal of the JTB Decision to and from the members of the Joint Trade Board who rendered such decision in the underlying action.

**RESPONSE:** Plaintiff objects to this request as not reasonably calculated to lead to the discovery of admissible evidence. Defendant has admitted — and even alleged in its counterclaim — that the JTB rendered the decision set forth in paragraph 14 of the Complaint. Notwithstanding this objection, Plaintiff states that no responsive documents exist.

5. All documents which show or tend to show that you attempted to resolve your dispute(s) with Defendant before submitting it to the Joint Trade Board.

**RESPONSE:** Plaintiff objects to this request as not reasonably calculated to lead to the discovery of admissible evidence. The collective bargaining agreement contains no requirement that the Union attempt to resolve contractual disputes before bringing them to the Joint Trade Board, and Defendant has in any event not pled any such failure as an affirmative defense.

6. All documents which constitute, relate to, identify or provide any information concerning the grievance filed by you against the Defendant/Counterplaintiff.

**RESPONSE:** Plaintiff objects to this request as not reasonably calculated to lead to the discovery of admissible evidence. The factual merits of the grievance may not be re-litigated in this proceeding, and the requested documents bear no relationship to any of Defendant's asserted defenses.

7. All notes, minutes and other records made by you at any meeting or as a result of

2

any communication with Defendant/counterplaintiff concerning the grievance(s) at issue.

**RESPONSE:** Plaintiff objects to this request as not reasonably calculated to lead to the discovery of admissible evidence. The factual merits of the grievance may not be re-litigated in this proceeding, and the requested documents bear no relationship to any of Defendant's asserted defenses.

8. All notes, minutes and other records that relate to the hearing before the JTB January 17, 2008.

**RESPONSE:** Plaintiff objects to this request as not reasonably calculated to lead to the discovery of admissible evidence. The factual merits of the grievance may not be re-litigated in this proceeding, and Defendant has admitted — and even alleged in its counterclaim — that the JTB rendered the decision set forth in paragraph 14 of the Complaint. Any notes taken by the Union or any member of the JTB at the meeting therefore bear no conceivable relationship to any matter at issue in this proceeding. The official minutes of the meeting have been produced with Plaintiff's Rule 26(a)(1) Disclosures.

9. All statements, written and verbal, of any witness.

**RESPONSE:** Plaintiff objects to this request as overly vague and unduly burdensome. Defendant does not explain what it means by "witness," and the request for "all statements, written or verbal" is wholly unlimited with respect to time or subject matter.

10. All notes, documents, manuals, guidelines, records, photographs, and other evidence submitted to the JTB in support of your grievance(s) against Vinco.

**RESPONSE:** Plaintiff objects to this request as not reasonably calculated to lead to the discovery of admissible evidence. The factual merits of the grievance may not be re-litigated in this proceeding, and the requested documents bear no relationship to any of Defendant's asserted defenses.

11. All documents sent to you by Vinco that relate in any manner to your grievances against Vinco, the JTB Decision and/or conversations you had with Vinco relating to the grievances and/or JTB Decision.

**RESPONSE:** Plaintiff objects to this request insofar as it relates to Plaintiff's grievances against Vinco as not reasonably calculated to lead to the discovery of admissible evidence. The factual merits of the grievance may not be re-litigated in this proceeding, and the requested documents relating to the *grievances* bear no relationship to any of Defendant's asserted defenses. With respect to the JTB Decision, Plaintiff has produced all responsive documents with its Rule 26(a)(1) Disclosures.

12. All documents sent by you to Vinco that relates [*sic*] in any manner to your grievance(s) against Vinco, the JTB Decision, and/or conversations Vinco had with you relating to the grievances and/or JTB Decision.

**RESPONSE:** Plaintiff objects to this request insofar as it relates to Plaintiff's grievances against Vinco as not reasonably calculated to lead to the discovery of admissible evidence. The factual merits of the grievance may not be re-litigated in this proceeding, and the requested documents relating to the *grievances* bear no relationship to any of Defendant's asserted defenses. With respect to the JTB Decision, Plaintiff has produced all responsive documents with its Rule 26(a)(1) Disclosures.

13. All grievances filed by you against Vinco that relates [*sic*] to the hearing on January 17, 2008 before the JTB.

**RESPONSE:** Plaintiff produced the grievances against Vinco heard at the January 17, 2008, meeting of the JTB with its Rule 26(a)(1) Disclosures.

14. All documents, including, but not limited to, receipts and confirmations which support your claim that Vinco received the notice of the grievances filed against it by you.

**RESPONSE:** Plaintiff produced all responsive documents with its original and supplemental Rule 26(a)(1) Disclosures.

15. All documents, including, but not limited to, receipts and confirmations which

4

support your claim that Vinco received notice of the January 17, 2008 hearing scheduled before the JTB.

**RESPONSE:** Plaintiff produced all responsive documents with its original and supplemental Rule 26(a)(1) Disclosures.

16. All documents, including, but not limited to, receipts and confirmations which support your allegation that Vinco received written notice of the JTB's Decision on or about January 22, 2008.

**RESPONSE:** Plaintiff has produced all responsive documents with its original and supplemental Rule 26(a)(1) Disclosures.

17. All rules, policies, regulations and guidelines of the JTB.

**RESPONSE:** Plaintiff states that no such rules, policies, regulations, or guidelines exist beyond the applicable provisions of the collective-bargaining agreement, which was produced with Plaintiff's Rule 26(a)(1) Disclosures.

18. Any other documents which support the allegations made in your Complaint that the JTB Decision should be upheld.

**RESPONSE:** Plaintiff has produced all responsive documents with its Rule 26(a)(1) Disclosures.

19. Any other documents which support your denials and/or defenses to Vinco's Counterclaim.

**RESPONSE:** Plaintiff has produced all responsive documents with its Rule 26(a)(1) Disclosures.

20. All logs and other records which show the date that the certified mails, which contained notices of the January 17, 2008 JTB hearing and of the JTB Decision, were returned to you.

**RESPONSE:** Plaintiff has produced all responsive documents with its original and supplemental Rule 26(a)(1) Disclosures.

Respectfully submitted,

_____
One of Plaintiff's attorneys

David Huffman-Gottschling
Jacobs, Burns, Orlove, Stanton and Hernandez
122 S. Michigan Ave., Ste. 1720
Chicago, Illinois 60603
(312) 372-1646

## CERTIFICATE OF SERVICE

I, David Huffman-Gottschling, an attorney, certify that I caused a copy of the foregoing document to be served upon the following person by email and by first-class mail on May 13, 2008:

Joseph P. Berglund
Berglund & Mastny, P.C.
900 Jorie Blvd., Ste. 122
Oak Brook, IL 60523-2229

_____
David Huffman-Gottschling