IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| PAINTERS DISTRICT COUNCIL NO. 30, | ) | |
| | ) | |
| Plaintiff/Counterdefendant | ) | 08-cv-1163 |
| v. | ) | |
| | ) | |
| VINCO PAINTING INC., | ) | Judge Conlon |
| | ) | Magistrate Judge Ashman |
| Defendant/Counterplaintiff | ) | |

REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANT'S
LR56.1 STATEMENT OF UNDISPUTED MATERIAL FACTS

NOW COMES Defendant/Counter plaintiff, VINCO PAINTING, INC. ("Vinco") and pursuant to Federal Rule of Civil Procedure 56 and Local Rule 56.1 submits its following Reply to Plaintiff's Response to Defendant's Statement of Undisputed Material Facts:

**Union's Statement of Additional Facts Requiring Denial of Summary Judgment**

1. Whether or not an employer against which the JTB has issued an award may appear before the JTB to request reconsideration of that award is the decision of the JTB, and not exclusively of Charles Anderson. (Exh. 1- Suppl. Anderson Decl.at ¶ 2.)

**RESPONSE: Vinco moves to strike these allegations since they are not supported by facts admissible in evidence "Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." Federal Rules of Civil Procedure Rule 56(e). "The requirements of Rule 56(e) are set out in mandatory terms and the failure to comply with those requirements makes the proposed evidence inadmissible during the consideration of the summary judgment motion." Friedel v. City of Madison, 832 F.2d 965, 970 (7th Cir. l987). These allegations should be stricken since Anderson failed to state who, when, where and the content of rules that were enacted which show any authority or exclusive decision-making by the JTB in**

**allowing employers to request reconsideration of Awards.**

    2. Charles Anderson did not ask Vinco to pay him personally $50,000 as a precondition to the JTB reconsidering its Award against Vinco, or for any other reason. (Exh. 1- Suppl. Anderson Decl. at ¶ 3.)

    **RESPONSE: Deny.  (See Defendant/Counterplaintiff's Rule 56.1 Statement of Material Facts [Doc. No. 20] at ¶48; Amended Response of Defendant to Plaintiff's LR56.1 Statement of Undisputed Material Facts [Doc. No. 32] at ¶¶2-3 of Vinco's Statement of Additional Facts Requiring Denial of Union's Motion for Summary Judgment on pages 17-18.)**

    3. No representative of Vinco ever told Charles Anderson that Vinco was unable to tender a check for $50,000 in order to appear before the JTB to seek reconsideration of its decision (Exh. 1- Suppl. Anderson Decl. at ¶ 4.)

    **RESPONSE:   Deny.  (See Defendant/Counterplaintiff's Rule 56.1 Statement of Material Facts [Doc. No. 20] at ¶48;**

<u>**Vinco's Statement of Additional Facts  in Response to Defendant's Response**</u>

    1. The current Collective Bargaining Agreement, which covers the period May 1, 2008 - April 30, 2013, provides in Section 14.6 that "If the Joint Trade Board finds that an Employer violated this Agreement, the Joint Trade Board is authorized to fashion, in its sole discretion, all appropriate remedies, including but not limited to, awarding actual damages to the aggrieved individual or entity, plus fines not to exceed two thousand five hundred dollars ($2,500) per violation and assessing liquidated damages, interest, costs, reasonable attorneys's fees, administrative expenses, and auditing fees incurred by the Joint Trade Board."  (See Exhibit A of attached Exhibit 1: Declaration of Denise Angelilli).

    2. On November 6, 2007, Denise Angelilli moved her residence from 6649 Ogallah, Chicago, Illinois to 4637 N. Forestview Avenue, Chicago, Illinois  60650.  At the same time, she was attending Triton College in River Grove, Illinois full time.  She also was taking care of her two children full time, who are 7 and 9 years old and handles administrative responsibilities for Vinco Painting, Inc. (See attached Exhibit 1 at ¶2)

3. Denise Angelilli thought she notified the Union of Vinco's new address. If the Union did not receive notice, it was inadvertent on Denise Angelilli's part since her life had been complicated and become very disruptive as a result of the dispute she had with her landlord, the move to her new address, caring for her two children, attending school full time and performing administrative duties for Vinco Painting, Inc. (See attached Exhibit 1 at ¶3)

4. Any obligation of Vinco Painting, Inc. to provide the Union notice of its address change was not raised as an issue by the Union in its pleadings or in the lawsuit. (See attached Exhibit 2 Union attorney, David Huffman-Gotschling's letter dated May 13, 2008, to Vinco's attorney.)

5. Charles Anderson submitted a status report to the JTB on March 13, 2008. Anderson stated "suit had been filed against Vinco for non-compliance with the Collective Bargaining Agreement, disregard for the Trade Board ruling and delinquent contributions to the Funds." (See attached Exhibit 3: Minutes of the JTB from the March 13, 2008 hearing).

>Respectfully submitted,
>
>VINCO PAINTING, INC.
>
>  s/ Joseph P. Berglund
>One of its Attorneys

Joseph P. Berglund
Berglund & Mastny, P.C.
1010 Jorie Blvd., Suite 370
Oak Brook, IL   60523
630-990-0234