UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

Painters District Council No. 30,

    Plaintiff/Counterdefendant,

v.

Vinco Painting Inc.,

    Defendant/Counterplaintiff.

Case No. 08-cv-1163
Judge Conlon
Magistrate Judge Ashman

**RESPONSE TO DEFENDANT'S MOTIONS TO STRIKE
PARAGRAPHS 20, 21, 24, 29, 33, AND 47 OF PLAINTIFF'S LR56.1 STATEMENT**

Plaintiff submits the following response to Defendant's Motion to Strike certain paragraphs from its LR56.1 Statement of Undisputed Material Facts submitted with its Motion for Summary Judgment.

1. Defendant, in the course of answering Plaintiff's LR56.1 Statement of Undisputed Material Facts, makes several motions to strike those statements, none of which has merit, and each of which should be denied. Plaintiff responds to each in turn:

2. *Paragraph 20*. Defendant contends that the assertion by the Union's chief executive officer that the Union sent written notice of the charges against Defendant on about January 3, 2008, is "not based upon personal knowledge" and is unsupported by facts admissible in evidence. Defendant's objection seems to be that Anderson has not laid an adequate foundation for his assertion that the Union mailed the charges on January 3 because he did not personally place them in the mail. However, Anderson made clear in his deposition testimony, attached *by Defendant* as an exhibit to *its* summary judgment motion, that he is the highest-ranking officer of the Union, that he oversees all of its day-to-day functions and supervises all thirteen of its employees, that he signed the January 3 letter and gave it to his

secretary to be mailed, and that he had competent office staff who carried out tasks such as mailing documents. (Def. MSJ Exh. 3 at 5, 12-13.) These facts establish a sufficient foundation for Anderson's testimony that the Union sent written notice of the charges against Defendant on about January 3, 2008. Equally importantly, Defendant *does not dispute* Plaintiff's assertion that the Postal Service returned the January 3, 2008, notice *or* that "[t]he copy of the notice sent by first-class mail was never returned to the Union." (Def. Resp. to Pl. SMF at ¶ 22.) But to acknowledge this statement is implicitly to acknowledge the *sending* of the January 3 notice, *both* by certified and first-class mail. Finally, Defendant itself attached to its summary judgment motion a document showing that the copy of the notice sent by certified mail was picked up by the postal service at 11:53 AM on January 3. (Def. MSJ Exh. 9.) These facts, taken together, corroborate Anderson's contention that the notices were sent by certified mail. The assertion is proper, and since Defendant never meets the substance of the assertion in its response, must be deemed admitted.

3.   ***Paragraph 21.*** Defendant does not dispute but moves to strike paragraph 21, which asserts that Vinco failed to notify the Union of its new address until about January 24 or 25, 2008. Defendant claims that the assertion of this fact constitutes an attempt to amend Plaintiff's Complaint through its Motion for Summary Judgment. But Defendant claims in its answer to the complaint that it never received notice, and when asked in discovery for information supporting that claim, asserted that it had moved in November 2007 from the address to which the Union mailed its January 3, 2008, notice. (Def. SMF at ¶ 31.) Vinco's failure to notify the Union of its change in address is directly relevant to meeting the substance of Vinco's defense in this case. It is also fully consistent with the Union's assertion, pled in the Complaint, that Vinco *did* receive notice of the hearing, given the undisputed fact

2

that the postal service never returned the copy of the January 3 notice sent by regular first-class mail. (Pl. SMF at ¶ 22.) The fact asserted in paragraph 21 is both material and undisputed, and should not be struck. Defendant's motion should be denied.

4. *Paragraph 24.* Defendant's motion to strike paragraph 24 must also be denied. Paragraph 24 simply asserts that evidence supporting the allegations against Vinco was presented during the JTB hearing. This is a summary allegation — necessarily so, insofar as an extensive recitation of the evidence presented at the JTB hearing would involve the Court in the merits of the underlying grievance, which are irrelevant in a proceeding to enforce an arbitration award — but not a conclusory or unfounded one. Anderson was present at the JTB hearing and thus has first-hand knowledge as to whether or not evidence supporting the allegations against Vinco was presented. (Pl. MSJ Exh. 2 at ¶ 18.) Moreover, the findings of the JTB itself as reflected in the minutes state that evidence supporting its findings was presented. (Pl. MSJ Exh. 2-F.) This is precisely the kind of fact-finding that the courts should not second-guess in considering a suit to confirm an arbitration award. Finally, the only evidence contradicting paragraph 24 cited by Defendant — that certain of the affected employees did not testify at the hearing — does not suffice to create a genuine factual dispute, as there are any number of means of proving that employees were not properly paid overtime wages other than their live, direct testimony. The Court should deny Defendant's motion and accept paragraph 24 as an undisputed material fact.

5. *Paragraph 29.* Plaintiff refers to its discussion of Paragraph 20 above. Anderson prepared the letter in question and instructed his office staff to mail it. (Def. MSJ Exh. 3 at 21.) This establishes a sufficient foundation for his claim that the letter was mailed. Moreover, Defendant *does not deny* that the copy of the letter sent by certified mail was returned to

the Union marked "Unclaimed," (Def. Resp. to Pl. SMF at ¶ 30, 31), and *acknowledges receiving* the copy of the letter sent by regular first-class mail. (Def. SMF at ¶ 42.) In these circumstances, Plaintiffs' LR56.1 Statement paragraph 29 must be deemed undisputed, and Defendant's motion to strike it should be denied.

6. *Paragraph 33.* See Plaintiff's response with respect to Paragraph 21.

7. *Paragraph 47.* Paragraph 47 was Plaintiff's perhaps imprecise attempt to describe the facts that support jurisdiction in this Court as required by LR56.14(a)(3)(B), *viz.* that the dispute between the parties involves the issuance of an arbitration award pursuant to a collective-bargaining agreement between Plaintiff and Defendant. Insofar as this jurisdictional fact is already reflected in the undisputed portions of paragraphs 4, 5, 11, and 24 of Plaintiff's LR56.1 statement, and insofar as Defendant does not dispute that this Court has jurisdiction over this matter, Plaintiff withdraws the clause in statement 47 beginning with the word 'because.'

For all the foregoing reasons, Plaintiff respectfully requests this Court to deny Defendant's Motion to Strike paragraphs 20, 21, 24, 29, 33, and 47 of Plaintiff's LR56.1 Statement of Undisputed Material Facts.

                                      Respectfully submitted,

                                        s/ David Huffman-Gottschling
                                      One of Plaintiff's attorneys

David Huffman-Gottschling
Jacobs, Burns, Orlove, Stanton and Hernandez
122 S. Michigan Ave., Ste. 1720
Chicago, Illinois 60603
(312) 372-1646

4

## CERTIFICATE OF SERVICE

    I, David Huffman-Gottschling, an attorney, certify that I caused a copy of the foregoing document to be served electronically upon the following person by filing it using the ECF system on July 16, 2008:

> Joseph P. Berglund
> Berglund & Mastny, P.C.
> 1010 Jorie Blvd., Ste. 370
> Oak Brook, IL 60523-4467

                                                                            s/ David Huffman-Gottschling
                                                                             David Huffman-Gottschling