UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

Painters District Council No. 30,

        Plaintiff/Counterdefendant,

v.

Vinco Painting Inc.,

        Defendant/Counterplaintiff.

Case No. 08-cv-1163
Judge Conlon
Magistrate Judge Ashman

**PLAINTIFF'S REPLY TO DEFENDANT'S LR56.1
STATEMENT OF ADDITIONAL UNDISPUTED MATERIAL FACTS**

1. Section 14.1 of the CBA provides that "[t]he Employer shall give notice to the Union in writing not later than ten (10) days after the occurrence of any of the following events relating to the Employer occurring after the date hereof:

    a. formation of partnerships;
    b. termination of business;
    c. change of name commonly used in business operation;
    d. change of form of business organization;
    e. incorporation of business;
    f. dissolution of corporation;
    g. name and business organization of successor;
    h. admission to or withdrawal from any association operating as a multiemployer bargaining agent;
    i. formation of a L.L.C.

A copy of this notification shall be sent to the Association Secretary."

**RESPONSE:** Agreed.

2. [(a)] On January 25, 2008, Charles Anderson never told Vince Angelilli that Anderson was authorized by the JTB to accept payment in order for an employer to appear before the JTB. [(b)] Rather, Anderson demanded a check for $50,000. [(c)] Vince Angelilli thought that Anderson wanted him to pay the Union $50,000 and [(d)] he told Anderson that he thought it was extortion. [(e)] Anderson's [sic] spoke in a threatening manner. [(f)]

Angelilli did not know if Anderson was or was not going to cash such a check. [(g)] Angelilli asked Anderson why he needed a check for $50,000 if he intended not to cash it. [(h)] Anderson told Angelilli not to ask any questions. [(i)] Vince Angelilli was faced with possible criminal charges if Anderson did cash the check since sufficient funds were not available to cover it; therefore, [(j)] he did not write the check to appear before the JTB.

**RESPONSE:** Plaintiff moves to strike this statement for its failure to conform to the requirement of LR56.1 that "the statement referred to in (3) shall consist of short numbered paragraphs…," as the statement sets forth at least nine statements of fact in one paragraph, as indicated by the lettered sub-paragraphs inserted by Plaintiff. Answering further, Plaintiff responds as follows:

(a) Plaintiff disagrees. (Pl. MSJ Exh. 2 at ¶ 23; Pl. MSJ Resp. Exh. 1 at ¶ 4.)

(b) Plaintiff disagrees. (Pl. MSJ Exh. 2 at ¶ 23; Pl. MSJ Resp. Exh. 1 at ¶ 4.)

(c) Plaintiff disagrees. (Pl. MSJ Exh. 2 at ¶ 24, 28.)

(d) Agreed.

(e) Plaintiff disagrees. (Def. MSJ Exh. 3 at 25, 29, 31, 33.)

(f) Plaintiff disagrees. (Def. MSJ Exh. 3 at 25, 29, 31, 33.)

(g) Plaintiff disagrees. (Def. MSJ Exh. 3 at 25, 29, 31, 33.)

(h) Plaintiff disagrees. (Def. MSJ Exh. 3 at 25, 29, 31, 33.)

(i) Plaintiff disagrees. (Def. MSJ Exh. 3 at 29, 31.)

(j) Agreed.

   3.   Charles Anderson said it was Vinco's problem if it did not have $50,000.

**RESPONSE:** Plaintiff disagrees. Plaintiff responds further that, when asked the hypothetical question at his deposition by counsel for Defendant, "then what if Vinco Painting didn't have $50,000," Anderson replied, "Not my problem." (Def. MSJ Exh. 3 at 30.)

4.  The Union asserted that there were no rules, policies, regulations and guide lines of the JTB other than those contained in the CBA.

**RESPONSE:** Plaintiff agrees that its counsel initially made this erroneous assertion in Plaintiff's written discovery responses, and states further that it corrected the deficiency as soon as it became aware of it. (Def. MSJ Exh. 3 at 7-8.)

5.  Charles Anderson admitted under examination that there are rules and regulations that govern the JTB other than those contained in the CBA.

**RESPONSE:** Agreed.

6.  After Charles Anderson's deposition, the Union produced Rules and Regulations of the JTB which are silent on any policy of allowing Employers to appeal Awards issued by the JTB by paying 50% of the Award.

**RESPONSE:** Agreed.

Respectfully submitted,

  s/ David Huffman-Gottschling
One of Plaintiff's attorneys

David Huffman-Gottschling
Jacobs, Burns, Orlove, Stanton and Hernandez
122 S. Michigan Ave., Ste. 1720
Chicago, Illinois 60603
(312) 372-1646

## CERTIFICATE OF SERVICE

    I, David Huffman-Gottschling, an attorney, certify that I caused a copy of the foregoing document to be served electronically upon the following person by filing it using the ECF system on July 16, 2008:

> Joseph P. Berglund
> Berglund & Mastny, P.C.
> 1010 Jorie Blvd., Ste. 370
> Oak Brook, IL 60523-4467

                                                  s/ David Huffman-Gottschling
                                                        David Huffman-Gottschling