IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Painters District Council No. 30, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action No.: 08 C 1163 |
| v. | ) |
| | ) Suzanne B. Conlon, Judge |
| Vinco Painting Inc., | ) |
| | ) |
| Defendant. | ) |
| | ) |

## **MEMORANDUM OPINION AND ORDER**

Painters District Council No. 30 ("Painters") brings suit to confirm an arbitration award. Vinco Painting Inc. ("Vinco") files counterclaims to vacate the award. Both parties move for summary judgment. For the reasons set forth below, Painters' motion for summary judgment is denied and Vinco's motion is granted.

### BACKGROUND

Painters, a labor union, and Vinco, a construction painting company, signed a collective bargaining agreement. Pl. Facts ¶¶ 1-2, 5. At the time of signing, Vinco provided its address as 6649 N. Ogallah Ave., Chicago, Illinois 60631 ("first address"), and a business phone number. Def. Facts ¶ 28. Vinco then moved to 4637 N. Forestview Ave., Chicago, Illinois 60650 ("second address"). Pl. Facts ¶ 7. Vinco retained the same phone number at both addresses. Def. Facts ¶ 33.

Under the agreement, disputes and grievances are brought before a Joint Trade Board. Pl. Facts ¶¶ 8-9. Painters filed charges with the board against Vinco for violating provisions of the agreement. Pl. Facts ¶ 11.

Painters sent written notice of the charges, with the date of a board hearing, by certified mail and first class mail to Vinco's first address.[1] Pl. Facts ¶ 20. Three days before the hearing, the postal service returned the certified mail notice marked "Return to sender - moved left no address." Pl. Facts ¶ 22. The first class mail was not returned. *Id.*

The board held the hearing without a Vinco representative. Pl. Facts ¶ 23. The board ruled against Vinco and awarded payments totaling $305,949.86. Def. Facts ¶ 38. Painters sent written notice of the board findings by certified and first class mail to Vinco's first address. Pl. Facts ¶ 29. The certified mail was returned unclaimed but attached Vinco's second address. *Id.* at ¶ 30. Vinco received the first class letter and contacted the board regarding the hearing and arbitration award. Def. Facts ¶¶ 43, 47. In order to appeal, the board instructed Vinco to enter a written request for reconsideration and to send Painters a $50,000 check, which would not be cashed. Pl. Facts ¶¶ 35, 37. It is the unwritten policy of the board to require an employer wishing to appeal an award to tender fifty percent of the findings. Pl. Facts ¶ 37. Vinco did not send Painters a check and did not appear at the next board meeting. Pl. Facts ¶¶ 42, 48. Vinco has not honored the award. Compl. ¶ 17.

## DISCUSSION

I.  **Legal Standards**

A.  **Summary Judgment**

On cross-motions for summary judgment, each movant must satisfy Fed. R. Civ. P. 56's requirements. *Cont'l Cas. Co. v. Northwestern Nat'l Ins. Co.*, 427 F.3d 1038, 1041 (7th Cir.

---

[1] Vinco disputes whether Painters sent the first class mail notice. The issue is not material.

2005). Summary judgment is proper "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *Adelman-Reyes v. Saint Xavier Univ.*, 500 F.3d 662, 665 (7th Cir. 2007). A genuine issue of material fact exists for trial when, in viewing the record and all reasonable inferences in a light most favorable to the non-moving party, a reasonable jury could return a verdict for the non-movant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Hedberg v. Indiana Bell Tel. Co.*, 47 F.3d 928, 931 (7th Cir. 1995). Each movant has the burden of establishing there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If a movant satisfies this burden, the non-movant must set forth specific facts supported by admissible evidence that establish a genuine issue for trial. Fed. R. Civ. P. 56(e); *Celotex*, 477 U.S. at 324. Facts and inferences are construed in favor of the party against whom judgment is sought. *In re United Air Lines, Inc.*, 453 F.3d 463, 468 (7th Cir. 2006) (quotations and citations omitted).

### B.     Arbitration Awards

An arbitration award is evaluated under a deferential standard of review. *Monee Nursery & Landscaping Co., v. Int'l Union of Operating Eng'rs, Local 150*, 348 F.3d 671, 675 (7th Cir. 2003). The issue is whether the arbitrator interpreted the contract at all, not whether the arbitrator erred, or even grossly erred, in interpreting the contract. *Bhd. of Locomotive Eng'rs v. Union Pac. R.R. Co.*, 522 F.3d 746, 757 (7th Cir. 2008) (quotations and citations omitted). An arbitration award may be overturned only if the arbitrator was not interpreting the agreement, but instead resolved the dispute according to private notions of justice. *Id.* (quotations and citations

omitted). An arbitrator's decision will be enforced when he is arguably acting within the scope of his authority. *Monee*, 348 F.3d at 675.

### C. Due Process in Arbitration

Due process provides grounds to review an arbitration award. *IBEW v. CSX Transp., Inc.*, 446 F.3d 714, 717 (7th Cir. 2006) (citations omitted). In an arbitration, due process is satisfied as long as the arbitration meets the minimal requirements of fairness, which includes providing adequate notice, a hearing on the evidence and an impartial decision. *Bhd. of Locomotive Eng'rs*, 522 F.3d at 751 (quotations and citations omitted).

## II. Vinco's Notice

### A. Presumption of Delivery

Painters alleges certified mail and first class mail notices were sent to Vinco. Pl. Facts ¶ 20. Painters argues a first-class mailing, which is never returned, creates a presumption of delivery. *Id.* In support, Painters relies on *Godfrey v. United States*, 997 F.2d 335, 338 (7th Cir. 1993) and *McPartlin v. Commissioner of IRS*, 653 F.2d 1185 (7th Cir. 1981). However, Painters provides no evidence of actual mailing or proof of business procedures that would support a reasonable inference the notice was properly mailed. *Thele v. Sunrise Chevrolet, Inc.*, No. 03 C 2626, 2004 WL 1194751, at *8 (N.D. Ill. May 28, 2004) (Kennelly, J.) (quoting *Godfrey*, 997 F.2d at 338). Painters' representative, Charles Anderson, testified he did not personally mail the notice. Def. Facts Ex. 3 (Anderson deposition) at 12: 8-9; 13: 11-14. The only available business procedures testimony was Anderson's opinion, "I have competent staff. When they are given documents to mail, they are mailed." *Id.* at 13: 5-7. Additionally, there is no evidence business procedures were applied specifically to the notice mailings. *See Pac. Ins. Co. v.*

4

*Eckland Consultants, Inc.*, No. 00 C 2140, 2001 WL 1388279, at *3 (N.D. Ill. Nov. 5, 2001) (Kennelly, J.) (finding testimony regarding general business practices not applied to a specific mailing was insufficient evidence to support a presumption of delivery of the mailing).

Vinco's denial of receipt of notice is bolstered by the return of the certified mailing with the post office mark to return to sender because the addressee had moved. A presumption of delivery of certified mail may be rebutted by the lack of a receipt of delivery. *McPartlin*, 653 F.2d at 1191. The undisputed facts show Painters received notification the certified mailing was not delivered and the post office did not have Vinco's new address. Pl. Facts ¶ 22. Drawing all reasonable inferences in favor of Painters, any presumption of delivery of the first class mail is overcome by the returned certified mail. Additionally, Painters did not attempt to call Vinco regarding the hearing after receiving the returned certified mailing. Def. Facts ¶ 26.

Notice must be reasonably calculated to apprise parties of the pendency of an action. *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950). Given the failed delivery of the certified mailing and the availability of a working phone number, Painters' actions were not reasonably calculated to apprise Vinco of the arbitration hearing.

### B. Failure to Update Address

Painters argues Vinco had an obligation to update the business address and failure to satisfy the obligation constitutes a waiver of notice. Painters relies on *Gingiss Int'l, Inc. v. Bormet*, 58 F.3d 328 (7th Cir. 1996) and *Saukstelis v. City of Chicago*, 932 F.2d 1171 (7th Cir. 1991), as well as non-precedential cases, to support the proposition. However, *Gingiss* is distinguishable. In *Gingiss*, the parties were bound by the Rules of the American Arbitration Association. *Gingiss*, 58 F.3d at 330. The rules in *Gingiss* included service of notice to a party's

last known address. *Id.* at 332. Additionally, four notices were sent and none of the notices were returned as undelivered. *Id.* Parties to an arbitration agreement may modify or waive notice requirements. *Employers Insurance of Wasau v. Banco de Seguros del Estado*, 199 F.3d 937, 942 (7th Cir. 1999). However, Vinco and Painters did not have the same notice provision in their collective bargaining agreement. The Joint Trade Board rules state, "All notices to the parties shall be by Certified Mail, Postage Prepaid, Return Receipt Requested, with a photocopy by regular U.S. Mail." Def. Facts Ex. 5 (Joint Trade Board rules and regulations) ¶ 6. The rules do not provide that notice is satisfied by mailing to the last known address. Additionally, the certified mailing was returned undelivered three days before the board hearing.

*Saukstelis* involved updating car registration information, which is a legal requirement. 625 ILCS 5/3-416. There is no legal requirement in this case. Painters argues the collective bargaining agreement includes the requirement to update address information. Section 14.2 of the agreement states that Vinco was required to maintain an office and telephone number where it could be contacted. Pl. MSJ Ex. A (collective bargaining agreement). Section 9.8(a) of the agreement requires Vinco to provide information within seven days of signing the agreement and any additional information at the trustee's written request. *Id.* The agreement does not establish a requirement to update address information except for within seven days after signing. The agreement does not set a time frame for updating information after the initial seven days. The agreement also does not modify or waive the notice requirement. Painters cannot rely upon the agreement to impose a duty which Vinco failed to satisfy. Any requirement to update address information would not excuse Painters' failure to take reasonable steps to give Vinco notice.

6

### C.　Appeal Procedures

Painters argues that by offering Vinco an opportunity to appeal the award, and its failure to appear, Vinco waived the right to seek reconsideration of the award. In support, Painters cites *Dean v. Sullivan*, 118 F.3d 1170 (7th Cir. 1997). *Dean* is distinguishable. In *Dean*, the employer had been party to several board hearings and chose not to attend a fourth. *Dean*, 118 F.3d at 1172. Later, the employer objected to the make-up of the fourth arbitration hearing board. *Id.* The court held that a party could not withhold arguments during arbitration only to bring them up in federal court. *Id.* at 1172. Vinco was not present at the first hearing due to a lack of notice. Additionally, the Joint Trade Board required Vinco to send a $50,000 check in order to appeal. Pl. Facts ¶ 35. The opportunity to appeal was dependent on the $50,000 check. Def. Facts. Ex. 3 (Anderson deposition) at 33: 7-11. Painters argues the check would not be cashed before the hearing, which misses the point. Requiring a $50,000 check after failing to provide notice denied Vinco an opportunity to be heard.

Additionally, Painters states the check requirement is an "established but unwritten policy" of the board. Pl. Facts ¶ 37. A tribunal cannot create or alter rules regarding access without notice. *Bhd. of Locomotive Eng'rs*, 522 F.3d at 751. It is unclear whether the unwritten policy was communicated before signing the agreement. The board's appeal procedures do not cure the notice deficiencies with respect to Vinco. Drawings all facts and reasonable inferences in favor of Painters, Painters' conduct did not provide Vinco with adequate notice or afford Vinco an opportunity to be heard.

## IV.    CONCLUSION

Painters' motion for summary judgment to confirm the arbitration award is denied. Vinco's motion for summary judgment to vacate the arbitration award is granted. This case is remanded to the Joint Trade Board.

ENTER:

Suzanne B. Conlon
United States District Judge

August 6, 2008